19638. BOLTON *et al. v.* UNION BANKING COMPANY.

STEPHENS, J. 1. Exceptions to rulings upon the sufficiency of pleadings can not be made in a motion for a new trial.

2. Where a ruling upon the sufficiency of a plea is excepted to directly by the plaintiff in a bill of exceptions tendered for certification after the statutory period within which an exception to a ruling can be made, and no exceptions pendente lite to the ruling have been filed, this court has no jurisdiction to entertain the exception to the sufficiency of the plea, contained in the bill of exceptions.

3. In a suit to recover interest paid by the plaintiff to the defendant under an alleged usurious contract, where it appeared, without dispute, that after the plaintiff's brother had become indebted to the defendant on promissory notes, the plaintiff, in settlement of a suit against him and the brother, in which a conveyance to him of real estate by the brother

was attacked for fraud, took a transfer to himself of the brother's notes, and, together with the brother, executed to the defendant new notes for the brother's indebtedness, including the principal and interest which the brother had contracted to pay to the defendant, and conveyed to the defendant the real estate as security for these new notes, the contract thus entered into between the plaintiff and the defendant constituted a new and original undertaking, and the alleged usury in the first contract, paid from the proceeds of the sale of the real estate mentioned and sued for in this action, was not recoverable. The court therefore properly directed a verdict for the defendant.

4. The bill of exceptions in this case having been brought by both M. W. Bolton and J. W. Bolton, who were parties plaintiff in the court below, and it appearing from the record that M. W. Bolton was, on his own motion, upon the trial, stricken as a party plaintiff, the judgment complained of being the direction of a verdict for the defendant in the suit pending in the case of J. W. Bolton only, and it appearing that the court did not err in the direction of the verdict, the judgment as to both plaintiffs in error will be affirmed.

5. Had the evidence which consisted of the record of other suits between the parties, introduced in behalf of the defendant, been excluded by the court on objection interposed by the plaintiff, the direction of the verdict for the defendant would nevertheless have been proper. The exclusion of the evidence therefore was not error prejudicial to the plaintiff.

*Judgment affirmed. Bell, J., concurs. Jenkins, P. J., disqualified.*

DECIDED FEBRUARY 25, 1930.

*J. H. Felker,* for plaintiff.　*Orrin Roberts,* for defendant.