20911. CROUCH *v.* FISHER *et al.*

JENKINS, P. J. 1. In a motion for new trial rulings on pleadings can not properly be assigned as error. *Horn* v. *Daves,* 41 *Ga. App.* 380 (152 S. E. 909).

2. Where a demurrer to an affidavit of illegality was overruled, and error in the ruling was assigned in a motion for new trial and in a bill of exceptions presented after the motion for a new trial had been overruled but after the expiration of the statutory period for exception to the ruling, and no exceptions pendente lite were filed, this court had no jurisdiction to entertain the exception in the bill of exceptions to the order overruling the demurrer. *Bolton* v. *Union Banking Co.,* 41 *Ga. App.* 206 (2). (152 S. E. 587).

3. While the industrial commission is authorized by the provisions of the workmen's compensation act to "make rules not inconsistent with this act, for carrying out the provisions of this act," this court can not take judicial notice of the fact that the industrial commission has or has not adopted a rule upon any given subject. *Shurman* v. *City of Atlanta,* 148 *Ga.* 1 (3), 14 (95 S. E. 698).. But, were it to be assumed that upon its being shown that the industrial commission had in fact adopted a rule regulating the manner and method of paying compensation, the courts should take judicial notice of the contents and provisions of the rule, yet where, as here, there is no proof that the industrial commission has in fact made a rule upon the subject, the courts can not take judicial notice either of the existence of the rule or of its provisions.

4. While an attorney at law can not, without special authority, receive anything in discharge of a client's claim but the full amount in cash (Civil Code of 1910, § 4956), yet where an attorney at law actually enters upon an agreement for the compromise of his client's claim, and actually receives, in pursuance of such agreement, the sum agreed to be accepted in compromise, the settlement is good pro tanto. *Patterson* v. *Southern Railway Co.,* 41 *Ga. App.* 94 (3) (151 S. E. 818).

5. In the instant case it appears, without dispute, that the employer against whom an award of compensation had been entered actually paid to the attorney at law representing the claimant a portion of the amount of the award, and, upon the levy of an execution issued by the superior court, based on the award of the commission, and the filing of an affidavit of illegality setting up such payment, actually paid into court the full amount of the balance due under the award. Consequently a finding

in favor of the defendant, upon the trial of the affidavit of illegality, was demanded.    *Judgment affirmed.   Stephens and Bell, JJ., concur.*

DECIDED MAY 16, 1931.   REHEARING DENIED JULY 20, 1931.

*Don H. Clark,* for plaintiff.    *J. Henry Howard,* for defendants.