30075. FIDELITY & CASUALTY COMPANY *et al. v.* BROOKS.

DECIDED DECEMBER 3, 1943. REHEARING DENIED DECEMBER 17, 1943.

*John M. Slaton, James J. Slaton,* for plaintiffs in error.  
*Joe Hill Smith, Linton S. James,* contra.

STEPHENS, P. J. (After stating the foregoing facts.) ▉ The superior court properly ruled that the Industrial Board erroneously found that it had no jurisdiction to consider the claimant's application on the ground of change in condition, for the reason that it was not made "within two years after the date of final payment of compensation." The Code, § 114-709, as amended by the act of 1937 (Ga. L. 1937, p. 528), does not provide, as held by the Industrial Board, that an application for additional compensation based on the ground that there has been a change in the condition of the claimant since a previous award, must be brought within two years after the date of final payment of compensation; but provides that a claim based on a change in condition must be filed within two years from the date that the Industrial Board is notified of final payment of compensation to the claimant. Under the facts it appears that while payment of compensation to the claimant was denied under the award of Deputy Director Hartley of September 19, 1940, as of November 13, 1939, and the employer and insurance carrier were ordered and directed under such award "to suspend all payments of compensation to the claimant on and after November 13, 1939," the date on which it can properly be stated that the Industrial Board was notified of final payment of compensation is September 19, 1940, when the award was made holding that the claimant had recovered and was no longer totally disabled as the result of the injury in February 1938, and that such recovery had taken place on November 13, 1939. Compensation had been previously awarded to the claimant for the total disability for 350 weeks, less the compensation previously paid for the temporary total disability, and at the time of the award of Deputy Director Hartley on September 19, 1940, compensation was in effect being paid to the

claimant, for the reason that on August 21, 1939, he had been allowed by the Industrial Board a lump-sum advance of compensation of 140 weeks, which embraced September 1940. Under the Code, § 114-709, it is provided that where there is an award based on a change in condition of an injured employee who had been previously awarded compensation, an award denying compensation because it appeared that the employee had fully recovered and was no longer disabled, can not affect the award previously made to the employee and under which compensation had been paid to him. Therefore while Deputy Director Hartley could properly have held that there had been a change in the condition of the claimant, and he had fully recovered on November 13, 1939, which was about ten months previous to the date on which the award was made, he could then hold that compensation was not payable to the claimant after November 13, 1939. The award of September 19, 1940, by Deputy Director Hartley, which was a review of the previous award of the Industrial Board under which compensation had been paid to the claimant, could not "affect" the previous award of compensation "as regards any moneys paid." To hold that on March 2, 1942, the date on which an application was made for a review of the award of Deputy Director Hartley on the ground of a change in condition, more than two years had elapsed since the Industrial Board had been "notified of the final payment of claim," would be clearly contrary to the undisputed facts. Had it not been for the lump-sum payment of 140 weeks made in August 1939, weekly compensation would have been paid to the claimant at least until June 22, 1940, the date on which the insurer and employer supplemented their objections to a further lump-sum advance to the claimant, and denied any further liability on the ground that there had been a change in the claimant's condition so that he was not then totally disabled and therefore not entitled to compensation, a date within two years from January 17, 1942, the date on which the application by the claimant was made for a review of the award of September 19, 1940. The trial judge properly ruled that the Industrial Board erroneously held that the claim for compensation on account of a changed condition was barred under the Code, § 114-709, as amended by said act of 1937.

■ It had been adjudicated that the claimant's previous tubercular condition had been aggravated by the administration of ether

while an operation was being performed upon him for a hernia which was caused by an accident arising out of and in the course of his employment. It appeared from the facts that this aggravation caused active tuberculosis to break out from a previous latent tubercular condition, and that the claimant, although he had been able to work for a short period of time thereafter, continued to have such active tuberculosis. The adjudication that such active tubercular condition was caused to become active by the ether being administered to the claimant has now become res judicata, and is conclusive on the parties, the award finding to that effect not having been appealed to the courts. *Ætna Life Ins. Co.* v. *Davis, 172 Ga.* 258 (157 S. E. 449). The award of Deputy Director Hartley rendered on September 19, 1940, ending compensation as of November 13, 1939, in so far as he found that the claimant had "fully recovered from all disability resulting from an injury received February 3, 1938," can not be taken as an adjudication that the claimant's tubercular condition was not caused from the injury, and while he found that the claimant had recovered from all disability resulting from the injury, the award was not an adjudication that the claimant's condition might not subsequently change by a flaring up of the dormant tubercular condition which was a result of the injury. See *Globe Indemnity Co.* v. *Langford, 35 Ga. App.* 599 (134 S. E. 357). The evidence on which this award of Deputy Director Hartley was predicated simply showed that the claimant had worked for a short time at work similar to that which he was doing at the time he sustained the injury. It is therefore immaterial whether Hartley's finding was valid or invalid.

It follows that the judgment of the superior court remanding the case to the Industrial Board for consideration on its merits, as indicated in the judgment, was not error.

*Judgment affirmed. Sutton and Felton, JJ., concur.*