34393. ORVIN *v.* NATIONAL SURETY CORP. *et al.*

Decided January 27, 1953—Rehearing denied February 3, 1953.

*Rowland & Rowland, Harry E. Monroe, T. Elton Drake, John M. Williams,* for plaintiff in error.

*Martin, Snow & Grant,* contra.

TOWNSEND, J. Code (Ann. Supp.) § 114-709 provides in part that the Board of Workmen's Compensation "may, within two years from the date that the board is notified of the final payment of the claim, review any award or any settlement made between the parties and filed with the board, and, on such review, may make an award ending, diminishing or increasing the compensation." This means that the date of the notice of final payment, and not the date of payment itself, is the date from which the two-year statute of limitations commences to run. *Fidelity & Casualty Co.* v. *Brooks,* 70 *Ga. App.* 355(1) (28 S. E. 2d, 343). An application for review filed more than two years after such notice is given is barred by the limitation. *Kirkland* v. *Employers Liability Assurance Corporation,* 69 *Ga. App.* 433(3) (25 S. E. 2d, 723). The director hearing' this case found that notice had not been given, for which reason the statute of limitations had not begun to run, and, although his finding on this issue was obviously predicated upon a further finding that it was the rule and custom of the Board of Workmen's Compensation to require all such notices to be in writing, it yet appears that there is nothing in the record which would demand a finding that any notice of final *payment,* either written or oral, had been given. Counsel for the carrier relied upon his statement to the Chairman of the Workmen's Compensation Board as follows: "I already made a *settlement* of $1300 with Emory Rowland." The fact that a settlement had been made was, of course, already known to the board, which had, two days previously, approved the same. Immediately after stating this, Mr. Tucker added that counsel did not, at that time, give him notice the claim was being paid. It is notice of payment, and not notice of settlement, which the law requires. Accordingly, it must be held that the statement of counsel was not, in any event, sufficient notice that the claimant had been paid in full to act as a point for the commencement of the period of limitation, and, there being no other evidence in the record that any such final notice of payment was given, the claimant was not barred from filing an application for further compensation based upon a change of condition.

Whether or not a proper oral notice of final payment would be sufficient, or whether such notice must be in writing, is not here decided. The provisions of Code § 114-709 do not specify the manner of giving of such notice. However, it is provided in Code § 114-703 that the Board of Workmen's Compensation "may make rules, not inconsistent with this Title, for carrying out the provisions of this Title." Such rules are not the subject of judicial notice, but, when properly proved by introduction in evidence are of full force and binding effect. *Crouch* v. *Fisher*, 43 *Ga. App.* 484(3) (159 S. E. 746). The Board of Workmen's Compensation would, accordingly, have the right to make and enforce proper regulations requiring that notices pertaining to the filing and disposition of claims should be in writing.

The judge of the superior court erred in reversing the award of the Board of Workmen's Compensation.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*