35796. FORTSON *v.* AMERICAN SURETY COMPANY *et al.*

CARLISLE, J. 1. On appeal to the superior court, the findings of the State Board of Workmen's Compensation within its power shall, in the absence of fraud, be conclusive. Code § 114-710. The finding of fact of the board, on conflicting evidence, though contrary to the finding made by a single director, is conclusive and binding upon the superior court and upon this court on appeal where there has been no fraud and the board has acted within its power. *Fralish* v. *Royal Indemnity Co.,* 53 *Ga. App.* 557 (186 S. E. 567), and citations.

2. "Upon their own motion before judicial determination or upon the application of any party in interest on the ground of a change in condition, the State Board of Workmen's Compensation may, within two years from the date that the board is notified of the final payment of claim, review any award or any settlement made between the parties and filed with the board and, on such review, may make an award ending, diminishing or increasing the compensation previously awarded or agreed upon." Code (Ann. Supp.) § 114-709. The prime requisite of a review under this Code section is that there be a change in the employee's physical condition between the time of the review and any award made by the board or any settlement made between the parties and filed with the board, and the burden of establishing such requisite is upon the party claiming the change in condition. *Miller* v. *Hartford Accident &c. Co.,* 86 *Ga. App.* 503 (71 S. E. 2d 782).

3. Under an application of the foregoing principles of law to the facts of the present case, the superior court did not err in affirming the award of the State Board of Workmen's Compensation denying additional compensation. The claimant's leg was injured as the result of an accident, which arose out of and in the course of his employment on November 19, 1953, when a stone or stones which he was loading struck him on the leg. Except for one day immediately after the accident, the claimant has not been able to work since that time. By an agreement between the parties, approved by the State Board of Workmen's Compensation on August 19, 1954, the claimant was compensated for a twenty-five percent loss of the use of his leg. On November 19, 1954, the claimant moved for a hearing before the State Board of Workmen's Compensation on the ground of a change in his physical condition. Upon a hearing a single director, under conflicting evidence, found in favor of the claimant on the question of a change in condition, but this award was, on appeal to the board, set aside and reversed on the ground that there had been no change in the claimant's condition. At least one physician testified that the claimant's disability was no greater at the time of the hearing than it was when the claimant first visited him prior to the settlement agree-

ment, and this evidence was sufficient to authorize the board's finding. *Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED SEPTEMBER 27, 1955.

*Wm. P. Kennedy,* for plaintiff in error.

*Jones, Williams Dorsey & Kane, Hugh Dorsey, Jr.,* contra.