### 45297. HOPPER v. CONTINENTAL INSURANCE COMPANY et al.

JORDAN, Presiding Judge. The claimant appeals from an order affirming an award of the State Board of Workmen's Compensation. The award, based on a finding of a change in condition from total to partial disability in existence at the time of the employer's request for a hearing on January 1, 1969, terminated total disability payments within the applicable limits of *Code Ann.* § 114-405 as amended. The claimant was also directed to furnish, when and as required by the employer and insurer, information of earnings after January 11, 1969. *Held:*

1. While it is clear that under present law a change in condition in respect to *Code Ann.* §§ 114-404 and 114-405 means an economic change in condition, the statutory standard is either the *actual return* to work or the *ability to return* to work for the same or another employer, or conversely, the *inability to work or continue to work* for the same or another employer, if the inability is proximately caused by the accidental injury. *Code* § 114-709 as amended (Ga. L. 1968, pp. 3, 7). Thus, if the employer and insurer claim a change of condition for the better, such may be shown even though the claimant is not actually working, has sought no work, may be unwilling to try to work, or has received no offer of

employment from his former employer or another, if there is evidence to support a finding of some improvement which discloses an *ability to return* to work. There is some evidence to support the finding that before January 11, 1969, the claimant had in fact engaged in some remunerative work, and the continuing inference from this evidence, as well as the medical testimony, supports a finding of an existing change in condition at the time of the request for a hearing, in the sense that the claimant, although not actually working, was able to work, although partially incapacitated physically limiting his ability to engage in work requiring the lifting of weight in excess of 25 pounds. The contentions of the claimant in this respect that the award is unsupported by the evidence and contrary to law are without merit. See *City of Augusta v. Rosier*, 119 Ga. App. 192 (166 SE2d 378). There is no issue in the present case of whether the award could include any period preceding the request for hearing, but in this respect see *Noles v. National Engine Rebuilding Co.*, 119 Ga. App. 833 (169 SE2d 185).

2. We consider it beyond serious question that the State Board of Workmen's Compensation, in administering the workmen's compensation law, is empowered to direct a claimant to furnish reports of earnings from other employment to an employer and insurer obligated under *Code Ann.* § 114-405 to make payments to him for a partial disability, or in any situation where the information would serve a needful purpose. See *Code* § 114-703; *Hartford Accident &c. Co. v. Hale*, 119 Ga. App. 565 (3) (168 SE2d 204). The contention of the claimant that the board acted without and in excess of its authority in directing reports of earnings, when and as required by the employer and insurer, is wholly without merit. Applied in a reasonable manner, and based on the fact that compensation for partial disability accrues on a weekly basis, we think the requirement obligates the claimant to report any actual earnings not more frequently than once a week, and covering a weekly period.

*Judgment affirmed. Eberhardt, J., concurs. Pannell, J., concurs in the judgment only.*

ARGUED APRIL 8, 1970—DECIDED MAY 19, 1970—
REHEARING DENIED JUNE 2, 1970—CERT. ■

*O. L. Crumbley,* for appellant.
*Philip R. Taylor,* for appellees.