## 52314. WHITNER v. GEORGIA STATE UNIVERSITY et al.

CLARK, Judge.

"Gut gezacht!" That Yiddish phrase means literally "well spoken!" When applied to a written composition, it is translated as "well expressed." This court applies that compliment to the opinion written by the trial judge in this workmen's compensation case wherein he reversed the ruling by the administrative law judge and the full board which had ruled favorably to the employee's claim based on "change of condition." As that judgment states the applicable law correctly, we adopt it verbatim:

"This matter came before the Court for appellate hearing at the instance of Georgia State University, employer, and State of Georgia, self-insurer, seeking review of the award of the State Board of Workmen's Compensation sustaining the claimant's contentions of a change of her condition as of December 20, 1974, and

awarding her compensation benefits from that date.

"After careful review and examination of the record and upon argument of counsel, it is clearly apparent to this Court that there is contained nowhere in the record any sufficient competent evidence to warrant the Board in making the aforesaid award. To establish a change of condition that would authorize recommencement of a claimant's compensation benefits subsequent to the claimant's return to work, the claimant must show (1) that her condition had changed for the worse; (2) that because of this change, she was unable to continue at work; (3) that because of her inability to work, she had either a total or partial loss of income; and (4) that the inability to work was proximately caused by the previous accidental injury. *Roland v. Cotton States Mutual Ins. Co.,* 133 Ga. App. 442 (211 SE2d 395); Ga. Code Ann. § 114-709. In view of the total dearth of evidence to indicate a worsening of the claimant's condition that rendered her unable to continue to work and to indicate that the resultant economic change was proximately caused by her previous injury, I can determine no evidentiary basis upon which to affirm the award of the State Board of Workmen's Compensation. This determination seems further demanded by the language of the State Board award stating that the '. . . evidence shows the [employee's] termination was due to unsatisfactory performance. . .' rather than any physical disability and that there is '. . . no medical evidence to support the claimant's contentions.' Inasmuch as this Court is unaware of any authority enabling the State Board of Workmen's Compensation to found an award of compensation simply upon that forum's articulation that to do otherwise would be 'against the principles of Workmen's Compensation Law,' there appears no evidentiary basis or otherwise upon which to sustain the order of the State Board.

"Therefore, it is considered, ordered and adjudged that the award of the State Board of Workmen's Compensation dated August 19, 1975, be and is hereby reversed."

In *Miller v. Argonaut Ins. Co.,* 136 Ga. App. 101, 103 (1) (220 SE2d 89), decided after the foregoing trial court

judgment, our court re-affirmed the necessity of a claimant meeting the four enumerated tests in order to establish a "change in condition" under Code § 114-709.

*Judgment affirmed. Bell, C. J., and Stolz, J., concur.*

Submitted June 7, 1976 — Decided July 2, 1976.

*Aynes, Kirby, Williams & Hanna, William I. Aynes,* for appellant.

*Arthur K. Bolton, Attorney General, J. David Dyson, Assistant Attorney General,* for appellees.