## 54120. HERCULES, INC. v. ADAMS.

WEBB, Judge.

In this workmen's compensation case the administrative law judge found that pursuant to *Federal Ins. Co. v. Spooner,* 107 Ga. App. 175 (129 SE2d 214) (1962), the employer had not carried its burden of proving that the employee had undergone a change in condition since the rendition of the award, because the only evidence submitted as to a change in condition was the testimony of one doctor who examined the employee approximately a year after the original injury.

On appeal, the board of workmen's compensation noted that the *Spooner* case was decided prior to the 1968 amendment of Code Ann. § 114-709 (Ga. L. 1968, pp. 3, 8) providing that "Notwithstanding any court decisions previously rendered construing this section, 'change in

condition' as used herein . . . shall mean solely an economic change in condition occasioned by the employee's return or ability to return to work for the same or any other employer . . ." It concluded, however, that the ALJ was correct in placing the burden of proof on the employer/self insurer and in finding from the evidence presented that the burden was not carried in accordance with standards set forth in *Whitner v. Ga. State University,* 139 Ga. App. 212 (228 SE2d 200) (1976). Conversely applying requirements based upon those outlined therein for a claimant to show a change of condition, the board ruled that "The defendant must show (1) a physical change in the claimant for the better, (2) an ability to return to work because of the change, and (3) the availability of work to decrease or terminate loss of income."

This application of the *Whitner* requirements and the award of the board were adopted by the superior court. We approve these standards and, there being sufficient competent evidence to support the award, affirm it under the "any evidence rule." *Arlington Apartments v. Johns,* 140 Ga. App. 29 (230 SE2d 86) (1976).

*Judgment affirmed. Deen, P. J., and Marshall, J., concur.*

ARGUED JULY 6, 1977 — DECIDED JULY 13, 1977 — REHEARING DENIED JULY 28, 1977.

*Bennet, Gilbert, Gilbert, Whittle, Harrell & Gayner, Richard M. Scarlett, Wallace E. Harrell,* for appellant. *Adams & Davis, Ronald F. Adams,* for appellee.