## 54726. JACKSON v. SEABOARD FIRE & MARINE INSURANCE COMPANY et al.

BANKE, Judge.

The appellant, Elbert Jackson, Jr., appeals the judgment of the superior court affirming an award of the State Board of Workmen's Compensation terminating his compensation benefits on the ground that appellees had shown a change in his condition for the better.

1. The appellant alleges that the award is neither supported by the evidence nor by the facts as found by the members of the board.

Dr. Steven T. Levy, a psychiatrist, testified that he believed the appellant had suffered a conversion reaction as a result of his physical injury but that his diagnosis was not certain. The other evidence before the board was that the appellant was no longer receiving psychiatric care and had not requested further treatment; that his headaches were not the result of any physical injury or malfunction; and that all physicians who had treated the appellant, including Dr. Levy, indicated that the appellant should return to work. The evidence further showed that the appellant was able to lead a normal family life, drive his car, and go shopping.

"Reviewing courts do not consider the weight of evidence; therefore, although a party prevailing before the board may have had the burden of establishing a factual proposition (as, in this case, a change of condition) this court looks not to see whether he carried the burden by a preponderance of the evidence, but only whether there is any evidence from which the conclusion can be drawn that the factual proposition contended for exists. [Cits.]" *St. Paul Ins. Co. v. Henley,* 141 Ga. App. 581, 582 (234 SE2d 159) (1977). The evidence is to be construed in a light most favorable to the party prevailing before the

board (*Fulmer v. Aetna Cas. &c. Co.,* 85 Ga. App. 102 (68 SE2d 180) (1951)) and presumptions invoked in favor of upholding the award (*Employers Ins. Co. v. Brackett,* 114 Ga. App. 661 (152 SE2d 420) (1966)). See *Howard Sheppard, Inc. v. McGowan,* 137 Ga. App. 408 (224 SE2d 65) (1976).

Although Dr. Levy's opinion testimony did provide some evidence in support of appellant's claim of emotional disability, the evidence overall supported the board's award that since the appellant's condition was improved he was no longer entitled to receive benefit payments.

2. The appellant contends that the board's award was based on an erroneous theory of law in that its decision was based on an improved physical condition rather than an improved economic condition as required by Code Ann. § 114-709.

The appellees were required to present evidence sufficient to support a finding that the appellant was so improved that he now had the *ability to return* to work; they were not required to show that appellant had a current offer of employment (or reemployment) as claimed by the appellant. See *Hopper v. Continental Ins. Co.,* 121 Ga. App. 850 (1) (176 SE2d 109) (1970). As already discussed in Division 1, the board's award was supported by the evidence; and this enumeration of error is without merit.

3. We have reviewed the appellant's remaining enumerations of error and found them to be without merit.

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

ARGUED OCTOBER 12, 1977 — DECIDED JANUARY 17, 1978.

*John F. Davis, Jr.,* for appellant.

*Shoob, McLain, Merritt & Lyle, M. David Merritt, Howard M. Lessinger,* for appellee.