## 57908. SOUTHERN COTTON OIL COMPANY, INC v. LOCKETT.

McMURRAY, Presiding Judge.

On December 10, 1976, claimant in this workers' compensation case was employed in a mill operating a press used to bale cotton. Some cotton trash and dust fell and struck him above the right eye and soon thereafter the right eye began to burn and sting. Subsequently, his wife removed a small piece of wire from between the lower eyelid and the right eye. The eye continued to cause the claimant difficulty. Claimant notified his employer of the injury and was treated by a number of physicians. Claimant lost no time from work due to the injury before May 4, 1977, but was absent from work for a number of days beginning May 5, 1977, due to problems with the injured eye. Claimant attempted to return to work on May 13, 1977, but was notified that he had been terminated.

After a hearing before the administrative law judge a findings of fact and award were entered determining claimant had suffered an economic disability from the date that he was informed that his job had been filled and no other work was provided or offered to him. The employer was directed to pay the claimant a specified sum each week until altered or terminated by law. The employer was further directed to pay the State Board of Workers' Compensation the sum of $100 as a penalty for failure to notify the board of the injury in accordance with the provisions of Code Ann. § 114-716 (e) (Ga. L. 1975, pp. 198, 209).

The award was reviewed on application of the employer by the full board which adopted the award of the administrative law judge except as to certain findings of fact, the board holding that in spite of the claimant's willingness and desire to return to work he did not undergo a change in condition on May 13, 1977, when

claimant was terminated, and employment suitable to his condition ceased to be available. The majority of the board relied upon *Hercules, Inc. v. Adams,* 143 Ga. App. 91 (237 SE2d 631), in reaching its conclusion that "[i]t cannot be contended that claimant underwent a change in condition when he attempted to return to work because suitable work was not available." The dissenting director disagreed with the findings of fact reached by the administrative law judge and the majority of the board.

The employer's appeal to the Superior Court of Bibb County was unsuccessful and it now appeals to this court contending that the board erred in relying on *Hercules, Inc. v. Adams,* 143 Ga. App. 91, supra, and in adopting that portion of the award which provided for the payment of a penalty under Code Ann. § 114-716 (e), supra. *Held:*

1. The heart of this case lies in the interpretation of the former Code § 114-709 (as amended Ga. L. 1937, pp. 230, 233; 1937, pp. 528, 534; 1943, pp. 167-169; 1968, pp. 3, 7; 1972, pp. 149, 150; 1973, pp. 232, 244, since amended 1978, pp. 2220, 2233, effective July 1, 1978). The 1968 revision of this Code section included the provision that "[n]otwithstanding any other decisions previously rendered construing this section, 'change in condition' as used herein insofar as it relates to section 114-404 and 114-405 shall mean solely an economic change in condition occasioned by the employee's return or *ability to return to work* for the same or any other employer . . ." (Emphasis supplied.) The issue here is whether the phrase emphasized in the excerpt from Code § 114-709 relates solely to a physical capacity to perform the functions of the job or whether as decided by this court in *Hercules, Inc. v. Adams,* 143 Ga. App. 91, supra, *ability to return to work* requires an availability of work to decrease or terminate loss of income. We cannot agree with the contention of the employer that the standards adopted in *Hercules, Inc. v. Adams,* 143 Ga. App. 91, 92, supra, were dicta. Following the decision of that case we must agree with the board that the employer/self-insurer failed to carry its burden showing a change in claimant's condition. The burden on the employer is to show the availability of work. The employer is not required to prove that the claimant had

received a specific job offer. See in this regard *Spell v. Travelers Insurance Co.,* 147 Ga. App. 160, 162 (3) (248 SE2d 292). In the case sub judice the employer failed to present any evidence as to the availability of work.

Employer also contends that reliance upon *Hercules, Inc. v. Adams,* 143 Ga. App. 91, supra, is misplaced as a matter of public policy because the claimant is no longer laboring under any physical disability. However, the factual premise upon which this argument rests is inaccurate as the findings of the administrative law judge show that the claimant continues to have treatment of his eye every two weeks and is improving but has not reached maximum improvement. This finding of fact was adopted by the majority of the board.

There is no merit to the employer's contention that the findings of fact do not support conclusions of the majority of the board so as to require a remand as in such cases as *General Motors Corp. v. Peeples,* 138 Ga. App. 705 (227 SE2d 472) and *Nash v. Trust Co. of Ga.,* 131 Ga. App. 684 (206 SE2d 566).

2. Code Ann. § 114-716 (a), supra, requires that within 10 days after the occurrence of an accident requiring medical or surgical treatment or causing an employee's absence from work for more than seven days and the employer's receipt of notice thereof, a report shall be made in writing and mailed to the board on blanks to be procured from the board for this purpose. A penalty for refusal or wilful negligence to make the report required by Code Ann. § 114-716 (a), supra, is set forth in subsection (e) thereof. The employer argues that the sanction under Code Ann. § 114-716 (e), supra, was not appropriately invoked because the forms adopted by rule by the Board of Workers' Compensation and the rules governing which form was to be used to report accidents under varying circumstances are such that none of the forms pertain to the facts in this case. The record, however, contains no evidence that the Board of Workers' Compensation has adopted a rule implementing the provisions of Code Ann. § 114-716. Therefore, we cannot take judicial notice either of the existence of any such rule or of its provisions. *Crouch v. Fisher,* 43 Ga. App. 484 (3) (159 SE 746); *Orvin v. Nat. Surety Corp.,* 87 Ga. App. 551,

554 (74 SE2d 489); *Continental Ins. Co. v. McDaniel,* 118 Ga. App. 344, 345 (163 SE2d 923). Applying the statutory language of Code Ann. § 114-716, supra, to the facts of this case, it is apparent that claimant received an injury for which he received medical care and that within 10 days thereof the employer was obligated to notify the Board of Workers' Compensation. The employer failed to do so. The sanction of Code Ann. § 114-716 (e), supra, is appropriately invoked.

*Judgment affirmed. Banke and Underwood, JJ., concur.*

ARGUED MAY 3, 1979 — DECIDED JULY 6, 1979 — REHEARING DENIED JULY 19, 1979.

*Martin, Snow, Grant & Napier, R. Napier Murphy, John T. McGoldrick, Jr.,* for appellant.
*Harry F. Thompson,* for appellee.