59519. COMMERCIAL UNION INSURANCE COMPANY et al. v. WEEKS.

BIRDSONG, Judge.

Workers' compensation—change of condition. The facts of this case reflect that the claimant, Otis Weeks, was the sole owner and operator of Otis Construction Co. Weeks served as a "working president" of the corporation engaged in new commercial

construction, renovation of commercial structures and remodeling or adding on to commercial structures throughout the State of Georgia. As "working president," Weeks prepared all bids on jobs, computed mathematical calculations, priced material, formulated and drew blueprints, prepared detailed job specifications and presentations of bids to clients, all of which required extensive travel, generally by driving an auto. It is undisputed that no one else in the corporation could or did carry out these functions and as a result when Weeks ceased performing these functions due to injuries received, the corporation ceased doing business.

On February 21, 1977, Weeks was involved in an automobile collision while engaged in corporate business. He suffered a concussion, as well as other injuries. Because of the concussion, Weeks apparently experienced brain damage which affected his memory and recall ability, and his ability and degree of concentration; and he suffered spinal and neck pain, as well as impaired vision in that he incurred a disabling amount of double vision. Because he is unable to judge distance, drive an auto, or draw or read blueprints for any appreciable period of time, Weeks has been unable to perform any duties on behalf of Otis Construction. Weeks testified that while probably there are some things he can do, he did not have any specific job in mind, and that any such job could not involve detailed reading of figures, driving, meeting the public, or those things he normally did as the procuring agent for Otis Construction. As a result of his disability, Otis Construction had not been an income-producing business since shortly after Weeks' accident.

The appellant insurer, Commercial Union Insurance Co., produced medical testimony that Weeks had experienced physical improvement since the accident and, there was no physical contra-indication that Weeks was not able to perform some sort of compensable employment. The double vision was improved and the pain experienced by Weeks was responsive to medication. As sole proprietor of Otis Construction, Commercial Union argues that Weeks could assign himself duties consistent with his disabilities and pay himself as much as he, as owner, directed. Weeks has responded that because of his disabilities Otis Construction is no longer a viable business, there is no work or duties to which he can assign himself, nor is there any income from which to pay himself a salary.

Following Weeks' injury in February, 1977, a Form 16 Agreement was filed with the Board of Workers' Compensation (despite the fact that Weeks was an "employer" — see *Denis Aerial Ag-Plicators v. Swift,* 154 Ga. App. 742 (1980)), and Weeks was paid as an "employee" as for a total disability commencing on and after

February 28, 1977. See *United States Fidelity &c. Co. v. Neal,* 188 Ga. 105, 110 (3 SE2d 80). On May 16, 1978, the employer-insurer requested a hearing to determine a change of condition. Following a hearing, the administrative law judge reduced the award from one based upon total disability to a partial disability. Weeks filed an appeal with the Board of Workers' Compensation. That board adopted the award of the administrative law judge except where those findings were inconsistent with the fact that Weeks was presently unemployed, not earning income, and totally disabled. The board determined that because of Weeks' unemployment and lack of income, the insurer had not met its burden of showing a change of condition and restored Weeks to compensation for total disability. On appeal to the superior court, this award was affirmed. The insurer-appellant finds fault with the findings of the board and the superior court. As to the board, Commercial Union argues that the board erred in ostensibly holding that the insurer's burden, when showing a change of condition, included proof that Weeks was currently employed and earning an income. As to the action of the superior court, the insurer argues that the court erred in construing the findings of the board to mean that because Weeks could not perform his full duties, there were no duties to perform at all and the fact that Weeks was economically disabled so long as he was physically disabled. *Held:*

The crux of the insurer's argument is that in order to show a change of condition, it was necessary only for the insurer to show that the claimant has experienced a physical change for the better, an ability to return to work because of the change, and the availability of work to decrease or terminate the loss of income. *Hercules v. Adams,* 143 Ga. App. 91 (237 SE2d 631). This three-pronged test has been reaffirmed in *Spell v. Travelers Ins. Co.,* 147 Ga. App. 160 (248 SE2d 292). No requirement is imposed that the claimant is presently employed and earning income. Commercial Union argues that the testimony of two doctors as well as that of Weeks indicates his (Weeks') physical condition has improved, Weeks can return to some form of income-producing labor, and that Weeks had stated to a doctor in a medical history that he (Weeks) had engaged in light duties consistent with his previous experience. Based upon such evidence, the insurer argues that its evidence clearly established a change of condition.

Opposed to the insurer's testimony was the evidence offered by Weeks. Weeks' testimony established that he had but limited education and experience outside the construction field. He still could not perform the duties he had performed previously as work procuring agent for Otis Construction; he could not work an 8-hour

day, and if he did not work full time, Otis Construction was not a viable business. Weeks testified he supposed there was work he could do but did not know what it was and nothing had been offered to him in the way of income-producing labor. It was within this context that the superior court determined the third test set forth in *Hercules,* supra, had not been met, i. e., the availability of work to decrease or terminate the loss of income.

Under the circumstances of this case, we conclude the superior court did no more than adopt the only logical meaning attributable to the findings and conclusions of the board. In the absence of Weeks' ability to procure contracts, the corporation had no business and thus there was no work for Weeks to assign to himself. In the absence of the ability to earn an income, Weeks had experienced no economic change and therefore had experienced no change of condition. *Hartford Acc. &c. Co. v. Bristol,* 242 Ga. 287, 288 (248 SE2d 661). As indicated, Weeks testified he knew of no particular other work he could perform, and he had had no offers for work. Commercial Union did not present any evidence of available work; at best Commercial Union established that there were medical indications that Weeks exhibited a physical ability to do some type of work. This does not meet the requirement of a showing that Weeks had *available* some work suitable to his disabled condition, even if with some company not his own. *F & G Ins. Underwriters v. Raines,* 147 Ga. App. 675 (250 SE2d 58). In the absence of such evidence, the insurer has not met its burden of showing a change of economic condition to reduce a finding of compensation for total disability to a partial disability. The findings of the board as affirmed by the superior court determined nothing more and are fully supported by competent evidence. The enumerations advanced by the insurer are without merit. See *Turner v. Baggett Trans. Co.,* 128 Ga. App. 801 (198 SE2d 412).

*Judgment affirmed. Deen, C. J., and Sognier, J., concur.*

SUBMITTED MARCH 5, 1980 — DECIDED
JUNE 19, 1980.

*J. Caleb Clarke, III,* for appellants.
*Michael S. Huff,* for appellee.