60952. PETERSON/PURITAN, INC. et al. v. DAY.

BIRDSONG, Judge.

Workers compensation. The employer, Peterson/Puritan, Inc., appeals the order of the trial court affirming the finding of the State Board of Workers' Compensation that the appellee, Peggy Day, had not undergone a change of condition. The administrative law judge had previously found that the claimant Ms. Day had undergone a change in condition, which finding would have authorized the employer to terminate payment of her compensation benefits.

Ms. Day sustained her injuries in December, 1977, by slipping in a puddle of spilled lighter fluid. She worked as a packer and capper for the appellant, who produces lighter fluid, liquid and aerosol cleaners, sprays and like items. On July 24, 1978, the employer terminated payment of compensation as of that date, on grounds that Ms. Day had undergone a change of condition as of April 12, 1978, and that as of that date she was able to return to work. Ms. Day requested a hearing on grounds that she had not undergone a change of condition; that she was, and had been, totally and continually disabled and that her compensation was stopped without cause.

There was, notwithstanding a variety of medical opinion, some evidence to support a finding by the administrative law judge at the hearing that as of July 24, 1978 (when the employer suspended her compensation), Ms. Day was no longer totally disabled and could work. However, he also found that the employer had tendered Ms. Day light work "which he believed to be within her capabilities."

It is this latter finding that was reversed by the state board, and which raises the issue on appeal. The state board held that the only evidence of job availability introduced by the employer was statements by the employer's counsel to the effect that work "in conformity with the treating physician's report was available to the claimant on a date preceding suspension of benefits and at the date of the hearing . . . [and] no details of employment were offered." The board concluded that the employer had failed to show a change in claimant's condition, and that "generalized statements by counsel do not suffice to carry the burden placed on employer/insurer to show an availability of work. *Southern Cotton Oil Co. v. Lockett,* (150 Ga. App. 835) [258 SE2d 644]."

The trial court affirmed the state board's decision, and the employer appeals. *Held:*

The arguments of counsel and finding of the state board focus upon *Southern Cotton Oil Co.,* supra, and its predecessors, all of which arose out of Code Ann. § 114-709 *as amended through 1973.* As appellant points out, the provisions of Code Ann. § 114-709 *prior to July 1, 1978,* concerning "change in conditions," required evidence that the claimant was able to return to work. *Hercules v. Adams,* 143 Ga. App. 91, 92 (237 SE2d 631) held the change in condition provision to require a showing not only of the claimant's ability to return to work, but of the availability of work. *Spell v. Travelers Ins. Co.,* 147 Ga. App. 160, 162 (248 SE2d 292) approved of the *Hercules* requirement that availability of work be shown, although it noted that no specific job offer need be shown, according to the earlier statements in *Hopper v. Continental Ins. Co.,* 121 Ga. App. 850 (1) (176 SE2d 109) and *Jackson v. Seaboard Fire &c. Co.,* 144 Ga. App. 531 (2) (241 SE2d 636). It was plainly held in *Southern Cotton Oil Co.,* supra, the case relied upon by the state board, that, per *Hercules,* in order to show the ability to return to work, the *availability of work* must be shown by the employer. *Southern Cotton Oil Co.,* however, repeated the admonishment of *Spell, Hopper,* and *Jackson,* supra, that the employer is not required to prove a specific job offer.

At this point we must observe that, although the matter seems not to have arisen below, the applicable statute in this case is not Code Ann. § 114-709 *as enacted prior to 1978,* but is Code Ann. § 114-709, as amended in Acts 1978, *effective July 1, 1978.* The

employer terminated Ms. Day's compensation on July 24, 1978, on grounds that she had undergone a change of condition. In fact, in presenting the "WC-2" form, by which it terminated compensation on and as of July 24, appellant relied upon Code Ann. § 114-709 *as amended in 1978 and as effective on July 1, 1978.* However, the evidentiary showing and arguments in proof of change of condition and on appeal proceeded under cases arising out of language in Code Ann. § 114-709 as it existed prior to July 1, 1978. The definition of "change of condition" in the current code section is quite different from that provided in the earlier enactment, from which *Hercules, Spell,* and *Southern Cotton Oil Co.,* supra, arose.

Nevertheless, we are convinced that neither the old Code Ann. § 114-709 nor any of the cases just cited is inconsistent with the "change of condition" language in Code Ann. § 114-709 as amended in 1978, at least in cases where an employer seeks to terminate compensation because of the claimant's ability to return to work. To terminate compensation because of change in condition, the employer must show "a change in the wage earning capacity, physical condition, or status of an employee" (Code Ann. § 114-709, as amended in 1978), and to do so the employer must show the ability to return to work and that suitable work is available.

According to *Jackson, Spell,* and *Southern Cotton Oil Co.,* supra, it may be that the employer is not required to show a specific job offer, but it is clear that it is not enough to show the claimant is physically able to work. The rationale for requiring the employer to show the availability of work, that is, work opportunities within the claimant's capability which are actually available to her, is graphically illustrated by the factual circumstances in *Commercial Union Ins. Co. v. Weeks,* 155 Ga. App. 20, 22-23 (270 SE2d 259). From that case it can be seen that it would be inequitable to permit the employer to terminate compensation merely because the claimant's physical condition has improved and she can return to some form of income producing labor. For the employer to say merely that suitable work is or was available begs the question, is conclusory, and presumes the ultimate fact under issue.

Moreover, to accept as proof of change in condition that will terminate compensation, the employer's after-the-fact statement that suitable work had been available when the claimant's condition improved, and that such work is now available, would be in effect to compel the claimant to accept and perform whatever work the employer saw fit to offer. Where the availability of specific suitable work is not made known to the claimant, it can hardly be said to be available to her nor does it give her any opportunity to accept it or to refuse work unsuitable to her capacity. Code Ann. § 114-407,

requiring proof that the claimant was unjustified in refusing work offered by the employer before compensation can be terminated, is meaningless if ex post facto the employer can terminate compensation by merely stating that suitable work was available or is now available. In every such case, the employer could terminate compensation merely on news that the claimant's condition had improved.

It is therefore true that, as the state board concluded in this case, "generalized statements by counsel do not suffice to carry the burden placed on employer/insurer to show an availability of work." *We have shown that, indeed, generalized statements by the employer itself do not carry that burden.* Nor does a present offer, in court, of work "suitable to her capacities," justify the termination of benefits as of an earlier date or as of the hearing date. A present offer certainly cannot form an issue or cause of action to be tried at the instant hearing.

Except for the generalized statement by counsel that suitable work had been available, there is no evidence in the case that when the employer sought to terminate the claimant's compensation work suitable to her capabilities had been available. There is no evidence that the availability of any such work was made known to the claimant by the employer; hence, it was not an opportunity she had knowledge of and was not "available" in the sense of the cases.

It follows that we need not address the question originally put forth on this appeal, i. e., whether the employer's attorney was competent to testify and to show the availability of work so as to justify her earlier termination. See, however, on this question, Code Ann. § 38-1605; and Green, Ga. Law of Evidence, § 153, 379, n. 140 (The Harrison Co., 1957).

There being no evidence of the availability of work suitable to the claimant, the employer did not sustain its burden to show a change in condition of the claimant. The trial court did not err in affirming the judgment of the state board.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 18, 1981 —
REHEARING DENIED MARCH 10, 1981.

*Steven J. Kyle, Perry A. Phillips,* for appellants.
*Richard Kirby,* for appellee.