77701. FIRST SOUTHERN INSURANCE COMPANY et al. v. BROCK.
(379 SE2d 427)

BANKE, Presiding Judge.

The claimant in this workers' compensation case suffered a work-related injury in 1983, for which he has since received temporary total disability benefits. In 1987, the employer/insurer sought to convert these benefits to permanent partial disability benefits, contending that the claimant's condition had changed for the better, with the result that he was no longer totally disabled. In support of this contention, the employer/insurer introduced into evidence a videotape produced by a private investigator, showing the claimant engaged in such activities as using a chainsaw, lifting large wooden posts onto his shoulder and then driving them into the ground with his hands and arms, and fighting a buried root with a rototiller. Upon viewing this tape, the claimant's treating physician testified that "[i]f that were the capacity that this patient could do on a regular basis, then his disability would be less, in my opinion, than the estimated 30 percent that I had given him on previous dates and times." Nevertheless, based apparently on the claimant's testimony that he could not perform such work on a regular basis, the administrative law judge declined to discontinue his total disability benefits, ruling as follows: "Although the claimant was not a very credible witness, I find from the medical evidence of record that he has not fully recovered from his compensable injury and, therefore, he is not physically able to return to his normal work as a timber cutter. There is no evidence of record that there is light work available suitable to the claimant's impaired condition. Therefore, I find that the employer/insurer's request for a change in condition must be denied."

The full board affirmed, emphasizing that the employer/insurer had "shown neither an actual return to work nor the report of claimant's authorized treating physician noting claimant's ability to return to work without restriction." The superior court upheld the award, rejecting the employer/insurer's complaint that the board had failed to consider whether and to what extent a change of condition had in fact occurred. The case is now before us pursuant to our grant of the employer/insurer's application for a discretionary appeal. Held:

The full board evidently determined that, notwithstanding the videotape evidence establishing, at the very least, that the claimant had been less than candid in his prior deposition testimony about the extent of his physical capabilities and activities, he would continue to be entitled to temporary total disability benefits unless and until the employer/insurer could show (1) that he had actually returned to work or (2) that he had been certified by his treating physician as able to return to work. While it is of course true that such evidence would have supported a ruling in favor of the employer/insurer, it was not an absolute prerequisite to such a ruling. Had it been, then the board would never be authorized to rule in favor of an employer on a change-in-condition claim without the concurrence of the claimant and/or his treating physician.

Although the evidence in this case did not demand a finding that the claimant was able to return to full-time work at his former job (see generally *Hopper v. Continental Ins. Co.*, 121 Ga. App. 850 (1) (176 SE2d 109) (1970)), we conclude that the board's stated rationale for rejecting the employer/insurer's change-of-condition claim was unclear at best and at worst reflected the application of an improper legal standard. Accordingly, the judgment of the superior court is reversed with direction that the case be remanded to the board for redetermination. Accord *Carrollton Coca-Cola Bottling Co. v. Brown*, 185 Ga. App. 588, 594 (365 SE2d 143) (1988).

*Judgment reversed with direction. Birdsong and Beasley, JJ., concur.*

DECIDED FEBRUARY 28, 1989.

*Savell & Williams, Richard G. Farnsworth*, for appellants.
*Fred V. Westberry*, for appellee.