## A97A0574. GEORGIA PACIFIC CORPORATION v. WILSON.
(484 SE2d 699)

ELDRIDGE, Judge.

Appellee, Billy C. Wilson, was an employee of appellant who received temporary total disability benefits from appellant, which disability began on March 3, 1992. Appellee became aware of the injury on December 7, 1991. After contravening appellee's claim and a hearing before the administrative law judge (ALJ), appellee received an award of temporary total disability on September 23, 1993.

On or about March 20, 1995, Wilson became employed by Spartan, Inc. to do light-duty work as a checker; appellee documented tools issued from a tool room and sat in a chair to do this job. Spartan, Inc. was a contractor that was doing maintenance services for appellant on appellant's premises in Early County during a short shutdown, and Wilson worked there temporarily for such period. The work and appellee's job lasted from March 20, 1995, through May 30, 1995. Appellee Wilson worked for Spartan, Inc. under his son's name and social security number. No medical release for Wilson to return to work had ever been entered.

When appellant learned that appellee was working full-time for Spartan, Inc., appellant suspended payment of appellee's temporary total disability benefits on May 10, 1995. Appellant moved for a hearing to adjudicate the issues regarding suspension of benefits under the prior award or reduction of Wilson's benefits, as well as the determination of whether or not appellee had to reimburse appellant for any overpayment. The record and transcript revealed how many days and hours appellee had with Spartan, Inc., as well as how much compensation was received.

A hearing was held on December 4, 1995; Wilson neither testified nor appeared at the hearing.

1. Appellant's first enumeration of error is that the State Board of Workers' Compensation (State Board) erred in placing the burden of proof on appellant to show that appellee no longer was entitled to continued temporary partial disability benefits after the termination of his employment with Spartan, Inc. on May 30, 1995.

Appellant sought the hearing before the ALJ in order to: (1) justify its termination of benefits for temporary total disability previously awarded, or (2) to determine any reduction of benefits. Appellee Wilson had made no motion for change of condition. Since appellant

was seeking either to terminate or to reduce benefits previously awarded to appellee, then appellant properly had the burden of proof, even when the hearing went into reduced benefits as temporary partial disability; appellant, not appellee Wilson, was the movant. "Where a change of condition was asserted, the burden of establishing this was on the party claiming such change under our former procedure. *Fortson v. American Surety Co.*, 92 Ga. App. 625 (2) (89 SE2d 671) [(1955)]. This is true because the award of the board was res judicata and conclusive until superseded by a new award. *Complete Auto Transit v. Davis*, 101 Ga. App. 849 (115 SE2d 482) [(1960)]; *Hartford Accident &c. Co. v. Webb*, 109 Ga. App. 667 (1) (137 SE2d 362) [(1964)]." *Cornell-Young &c. v. Minter*, 168 Ga. App. 325, 327 (309 SE2d 159) (1983); see also *Lumbermen's Mut. Cas. Co. v. Cook*, 195 Ga. 397 (24 SE2d 309) (1943); *Rourke v. U. S. Fidelity &c. Co.*, 187 Ga. 636, 638 (1 SE2d 728) (1939); *Home Accident Ins. Co. v. McNair*, 173 Ga. 566 (1) (161 SE 131) (1931); *Yates v. Hall*, 189 Ga. App. 885 (377 SE2d 887) (1989). There is no provision for automatic cancellation of an award; thus, an award remains in effect until changed. *Guess v. Liberty Mut. Ins. Co.*, 219 Ga. 581 (134 SE2d 783) (1964); *Hayes v. Consolidated Freightways*, 131 Ga. App. 77 (205 SE2d 40) (1974). Even if the appellee's physical condition remains unchanged, then a change in economic condition, i.e., earning capacity, constitutes a "change in condition." *Hartford Accident &c. Co. v. Bristol*, 242 Ga. 287 (248 SE2d 661) (1978). Where the change in condition is sought by the employer, the employer has the burden of proof. *Commercial Union Ins. Co. v. Weeks*, 155 Ga. App. 20 (270 SE2d 259) (1980); see also *Freeman v. Continental Baking Co.*, 212 Ga. App. 855 (443 SE2d 520) (1994); *Cornell-Young &c. v. Minter*, supra at 329-330. The employer carried its burden of proof to show that the appellee had a change for the better. *Freeman v. Continental Baking Co.*, supra at 856; *Peterson/Puritan, Inc. v. Day*, 157 Ga. App. 827 (278 SE2d 674) (1981); *Hercules, Inc. v. Adams*, 143 Ga. App. 91 (237 SE2d 631) (1977). However, the burden did not shift in the same hearing from the employer, appellant, to the claimant, appellee, to show what lesser disability benefits if any, the claimant, appellee, was entitled to receive, because "[t]he board on its own motion may propose or any party may apply under this Code section for another decision because of a change in condition ending, decreasing, increasing, or authorizing the recovery of income benefits awarded or ordered in the prior final decision. . . ." OCGA § 34-9-104 (b). Unless and until the ALJ or the State Board makes a new award, the prior award continues as res judicata, and the movant continues to have the burden of proof. *Yates v. Hall*, supra; *Hartford Accident &c. Co. v. Webb*, supra.

The State Board did not err.

2. Appellant's second enumeration of error is that the State Board erred as a matter of law in determining that appellee was entitled to continued temporary partial disability benefits after his employment with Spartan, Inc. was terminated on May 30, 1995.

If an employer seeks a change in the condition of the employee from temporary total disability to temporary partial disability, then the employer must prove the ability to do light-duty work. However, if the employee seeks to return to the original status of temporary total disability, then the employee has the burden of proof. But if the employee accepts the reduced benefit determination of temporary partial disability and does not seek to return to a higher benefit level of temporary total disability, then such lower benefit determination of temporary partial disability would continue after a termination of the light-duty work. *Cornell-Young &c. v. Minter*, supra. To terminate all benefits at the same hearing from temporary total disability, or to overcome a revised award of temporary partial disability from a temporary total disability made upon such evidence, the employer must show the employee's ability to return to full duty, without restrictions, and the availability of suitable work. *Peterson/Puritan, Inc. v. Day*, supra. Appellant failed to prove that appellee had the ability to resume unrestricted full-time work; that suitable work was available; and that appellee no longer had an economic disability. All appellant proved at the hearing was that appellee had the ability to return to suitable light-duty work at his former wage level. Therefore, under the evidence, or lack thereof, temporary partial disability benefits were an appropriate award.

Contrary to appellant's assertions, *Aden's Minit Market v. Landon*, 202 Ga. App. 219 (413 SE2d 738) (1991), overruled on other grounds, *Maloney v. Gordon County Farms*, 265 Ga. 825, 828 (462 SE2d 606) (1995), does not call for an automatic termination of all benefits as a matter of law. In *Aden's*, the employer suspended benefits when it learned that the employee had returned to work at a lower paying job while the original restrictions on the ability to work were still in force; the subsequent employer fired the employee when it learned that the employee was drawing workers' compensation, as well as working full time; the employee, not the employer, then sought, by hearing, to obtain a resumption of temporary total disability benefits. This Court affirmed the denial of temporary total disability benefits but remanded the case for the determination of temporary partial benefits. While the resumption of light-duty work would deprive the employee of temporary total disability benefits after the subsequent job was terminated or ended, the employee was entitled to temporary partial benefits, unless the employer proved that the employee had the ability to return to full duty, without restrictions, and suitable work was available.

The State Board did not err.

3. Appellant's final enumeration of error is that the State Board erred by awarding appellee continued temporary partial disability benefits after his employment with Spartan, Inc. was terminated on May 30, 1995, in that there is no evidence in the record to support said award.

The ALJ found: (1) that appellee continued to be restricted in performing light-duty work; (2) that the Spartan, Inc. tool room attendant position was suitable light-duty work; (3) that appellee was not able to work all the hours Spartan, Inc. wanted him to work because of his original injury; (4) and that with the termination of the job with Spartan, Inc., appellee continued to be economically disabled. Under the any evidence rule, the award must be affirmed. *A & P Transp. v. Warren*, 213 Ga. App. 60 (443 SE2d 857) (1994); *Peterson/Puritan, Inc. v. Day*, supra. The evidence shows that appellee still suffers from the original injury to the extent that he cannot resume his regular duties. *Williams Bros. Lumber Co. v. Magee*, 162 Ga. App. 865 (292 SE2d 477) (1982). The evidence does not show the continued availability to appellee of suitable work so that he still suffers an economic disability due to his original injury. *Peterson/Puritan, Inc. v. Day*, supra.

The State Board did not err.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED MARCH 10, 1997 —
RECONSIDERATION DENIED MARCH 24, 1997 —

*Drew, Eckl & Farnham, Lawrence L. Bennett, Jr.*, for appellant.
*Page, Scrantom, Sprouse, Tucker & Ford, Mark R. Youmans*, for appellee.