A11A0364. VEOLIA ENVIRONMENTAL SERVICES et al.
v. VICK.
(711 SE2d 40)

McFADDEN, Judge.

This appeal is from a superior court order reversing a portion of a decision by the appellate division of the State Board of Workers' Compensation. Because the superior court improperly shifted the burden of proof to the employer, its reversal was erroneous.

"When reviewing a workers' compensation award, the evidence must be construed in the light most favorable to the party prevailing before the appellate division. [Cit.]" *Ga.-Pacific Corp. v. Wilson*, 240 Ga. App. 123, 124 (1) (522 SE2d 700) (1999). So construed, the evidence shows that in January 2007, Veolia Environmental Services hired Jeffrey Vick as an equipment operator. Vick signed a statement indicating that he had received, and participated in a safety class on, Veolia's drug and alcohol policy. That policy provides, among other things, that an employee in a safety sensitive position must report to his immediate supervisor the use of prescription medications that may prevent the safe performance of the job, that an employee may be removed from duty until he provides management a clearance letter from the prescribing physician, and that the failure to report such information is misconduct that may result in discipline, including suspension without pay and termination.

On April 27, 2007, Vick broke his left ankle when he fell off a piece of heavy equipment at work. Veolia and its insurer paid Vick temporary total disability benefits from May 8, 2007, until he returned to light duty work on June 28, 2007. In early March 2008, Vick obtained a prescription for morphine from his personal doctor. On March 10, 2008, a co-worker informed Veolia that Vick was under the influence of morphine. Pursuant to its drug policy, Veolia asked Vick to leave work and to provide a clearance letter from his doctor explaining any restrictions and stating that it would be safe for him to work while on the medication. Vick did not return to work after that date, and on May 2, 2008, after Vick had repeatedly failed to provide the requested documentation, Veolia terminated his employment.

Vick subsequently requested a resumption of workers' compensation benefits, seeking, among other things, temporary partial disability benefits for the time period that he had returned to restricted duty work, from June 28, 2007, to March 10, 2008. He also sought an award of temporary total disability benefits from that last

day of work, March 10, 2008. After a hearing, an administrative law judge ("ALJ") denied Vick's request for temporary total disability benefits since his last day of work because he had not made a sincere and diligent effort to find other employment. The ALJ did, however, award Vick temporary partial disability benefits during the time he had returned to restricted duty work, from June 28, 2007, to March 10, 2008. The ALJ further concluded that Vick's entitlement to such benefits should continue after that last day of work because Veolia had not met its burden of proving a change in conditions.

The parties filed cross-appeals to the Board's appellate division. In pertinent part, the appellate division vacated the award of ongoing temporary partial disability benefits subsequent to March 10, 2008. Vick then appealed to the superior court, which remanded the case to the appellate division, with the instruction that it place the burden of proof on Veolia and its insurer to show that Vick was not entitled to temporary partial disability benefits after March 10, 2008. Veolia and its insurer, Sedgwick CMS, applied for discretionary appeal, and this court granted the application.

1. Veolia and Sedgwick contend that the superior court erred in ruling that they have the burden of proving that Vick is not entitled to temporary partial disability benefits after he was terminated. We agree.

> If an employer seeks a change in the condition of the employee from temporary total disability to temporary partial disability, then the employer must prove the ability to do light-duty work. However, if the employee seeks to return to the original status of temporary total disability, then the employee has the burden of proof. But if the employee accepts the reduced benefit determination of temporary partial disability and does not seek to return to a higher benefit level of temporary total disability, then such lower benefit determination of temporary partial disability would continue after a termination of the light-duty work. [Cit.]

*Ga. Pacific Corp. v. Wilson*, 225 Ga. App. 663, 665 (2) (484 SE2d 699) (1997). In this case, employer Veolia has not claimed any change in condition of employee Vick since his last day of employment. Rather, it was Vick who requested, and was awarded, temporary partial disability benefits during the time he had returned to light duty work, and then further sought a higher benefit level of temporary total disability after termination of his light duty work. Under such circumstances, Veolia did not have the burden of showing that the lower benefit level should not continue after termination; rather,

Vick had the burden of proving his entitlement to the higher level of benefits requested after termination.

Moreover, as we explained in a similar case involving the issue of whether temporary partial disability benefits should continue after an injured employee was terminated for a reason unrelated to his injury:

> When an employee who has received a disabling injury returns to work and is discharged for a cause unrelated to the injury, he is not entitled to compensation as a matter of law; nor is he denied compensation as a matter of law. In seeking a resumption of benefits, the burden is on the employee to show that, after his termination for cause, his inability to secure suitable employment elsewhere was proximately caused by his previous accidental injury.

(Citations and punctuation omitted.) *Gilbert/Robinson, Inc. v. Meyers*, 214 Ga. App. 510, 511 (448 SE2d 246) (1994). Thus, in order for the award of temporary partial disability benefits to continue after Vick's termination for violating the company drug policy, he had the burden of proving that his inability to find suitable employment elsewhere was proximately caused by his injured ankle. Vick has not made that showing because, as the ALJ found, he has failed to make a sincere and diligent effort to secure other employment. Vick has therefore failed to meet his burden of proof, and the superior court's holding to the contrary, placing the burden of proof on the employer and the insurer, was erroneous and must be reversed. See id.

2. Although the appellants' enumerated errors challenge only the award of temporary partial benefits discussed above, they further argue the impropriety of an award of attorney fees. However, we are precluded from reviewing the propriety of such an award because appellants may not use their brief to expand their enumeration of errors by challenging rulings not mentioned in the enumeration of errors. See *Scott v. State*, 302 Ga. App. 111, 112-113 (1) (b) (690 SE2d 242) (2010).

*Judgment reversed. Phipps, P. J., and Andrews, J., concur.*

DECIDED MAY 2, 2011 —
RECONSIDERATION DENIED MAY 25, 2011 — ▌

*Swift, Currie, McGhee & Hiers, Robert B. Peery, John C. Hillis*, for appellants.

*Melissa M. Peavy, Robert M. Clyatt*, for appellee.

*C. Jason Perkins*, amicus curiae.