37539. LIBERTY MUTUAL INSURANCE COMPANY *et al.* *v.* THOMAS *et al.*

DECIDED FEBRUARY 16, 1959.

*Wright, Rogers, Magruder & Hoyt,* for plaintiffs in error.
*Harbin M. King, Neel & Ault, J. M. Neel, Jr.,* contra.

NICHOLS, Judge. ■ Where there is any evidence to support the award of the State Board of Workmen's Compensation, neither the superior court nor this court has any authority to review the evidence and decide that the weight of the evidence is contrary to such award, and under the decision of the Supreme Court in the case of *American Mutual Liability Ins. Co.* v. *Sisson*, 198 *Ga.* 623 (32 S. E. 2d 295), if the award was authorized it must be affirmed even though the award was based on an erroneous finding and conclusion of fact. *Wisebram Dept. Store* v. *Bowman*, 92 *Ga. App.* 587 (89 S. E. 2d 547).

■ The death certificate of the deceased, showing the cause of death as "coronary occlusion," was introduced in evidence, and while there was some expert medical evidence that the cause of death could have been something else, the death certificate proved prima facie that the cause of death was "coronary occlusion." See Code (Ann.) § 88-1118; *Davis* v. *Atlantic Steel Corp.*, 91 *Ga. App.* 102 (84 S. E. 2d 839), and citations.

There was evidence that when the deceased reported for work at approximately 4 p.m. on the date of his death he was "his usual self, clean and fresh," that some two hours and 40 minutes later, after being observed several times in the interim as being "all right," he was observed as being pale, sweating, and complaining of a pain in his chest, and that about 10 minutes thereafter he was sent home where he died within about 20 minutes after his arrival. There was expert medical evidence to the effect that exertion, but not minimal exertion, would bring on a coronary attack such as that suffered by the deceased.

A supervisor of the employer company described the work assigned to the deceased in such a way as to lead to the conclusion that any exertion performed by the deceased would have been "minimal," but such work as described by another employee of such company, who was assigned to the same job as the deceased, (but on another shift), showed that at times it involved the lifting of material weighing two to three hundred pounds, which of course would not be *minimal* exertion. This same employee testified that on the night of the death of the deceased one particular piece of machinery serviced by the deceased was not in proper operating order so that a crank thereon required more

effort than usual to turn. There was also evidence that the deceased was in the process of servicing this machine at the time he quit work, complained of pain in his chest, and asked about seeing a physician.

While an award of compensation, under all the evidence, was not demanded, there was competent evidence to support such award, and the judgment of the superior court affirming the award of the State Board of Workmen's Compensation was not error.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*