48729, 48791. FLEMING v. PHOENIX OF HARTFORD INSURANCE COMPANY et al.; and vice versa.

HALL, Presiding Judge. This is a workmen's compensation "change of condition" case here on the appeal of claimant from an adverse decision below. The case has been before the board and the superior court on numerous occasions. The procedural background, being lengthy and in part irrelevant, will not be set forth.

Case No. 48791 is a cross appeal by the Atlanta Coca Cola Bottling Company (hereinafter, "Coca Cola") and Phoenix of Hartford Ins. Co. (hereinafter "Phoenix"), the employer and insurer, with a certificate, from the order of the superior court denying on September 7, 1973 their motion under Code Ann. § 6-809 to dismiss claimant Fleming's appeal on the ground that Fleming, by failure either to pay costs or file an affidavit of poverty, had unreasonably delayed the filing in this court of the trial court transcript. Prior to the order of September 7, 1973 the appeal had been docketed in this court, though movants allege that the

docketing was permitted by an ex parte order taken by Fleming in the superior court on August 24, 1973, without revealing the existence of the pending motion to dismiss. Under our Rule 11c (effective March 2, 1972) movants are deemed to have waived this ground of objection. The judgment of the superior court denying the motion to dismiss is affirmed. Fleming's motion under Code Ann. § 114-712 for costs and attorney fees in this appeal is denied.

The main appeal here, Case No. 48729, presents as a preliminary matter a separate motion by Coca Cola and Phoenix to dismiss the brief of appellant and his enumeration of errors for various flaws in format and citations to the record, in violation of the rules of this court. The errors asserted have been corrected by Fleming in an amended brief, and the motion to dismiss is denied.

The main appeal is brought by Fleming from the order of the superior court on April 25, 1973, affirming an award of the full board of workmen's compensation entered on November 30, 1972, ruling that a change in Fleming's condition had occurred after his initial disablement and that on February 19, 1970, he was able to return to unrestricted work. Fleming enumerates 6 errors.

1. Fleming urges that the award of the board was based upon a substantial mistake on its face, being an erroneous statement in the first sentence of the award that the matter had been appealed to the Court of Appeals and sent back to the superior court which remanded it to the board. Actually, this is the first appearance of this case in this court. Fleming argues that the board's mistake arose from the order by which the superior court on June 30, 1972 remanded the case to the board, the order having been drafted for the superior court judge's signature by appellees, who used it unfairly to set forth their position. We have examined the order and find it free of the taint alleged. Though it does point out medical evidence in the record supporting appellees' stand, this was justified because the board's order then on appeal contained a statement that "all of the medical evidence" failed to support appellees' position. This conclusion from the record was ruled unauthorized by the superior court and this was the basis for the remand. The order complained of further stated in its last paragraphs that no opinion pro or con on the merits was thereby expressed. The statement in the order concerning an appearance in this court was factually erroneous, but this error does not overcome the presumption in favor of the validity of the

award. Cf. *Employers Ins. Co. v. Brackett,* 114 Ga. App. 661, 663 (152 SE2d 420). Though we have considered this enumeration, procedurally it is barred. Had Fleming objected to the order he should have appealed to this court within the time allowed following its entry, see Code Ann. § 6-701(a) (1); Code § 114-710, and he failed to do so. Enumeration 1 is without merit.

2, 3, 4. Fleming claims that the board's award should have been set aside for fraud and other reasons because of an illegal submission by appellees to the board of a letter dated July 13, 1972 together with some pages from the discovery deposition of Fleming in a separate legal action, in the receipt and consideration of which after the record had been closed the board acted in excess of its powers. The submission was made after the remand to the board from the superior court, and prior to the board's award of November 30, 1972. Appellees in their brief made no response to these three enumerations.

Our review of the record indicates that the deposition pages here contested do not form part of the board's record of the case. We are unable to tell whether the board considered the deposition pages, which had some tendency to impeach certain of Fleming's statements at the hearing concerning the nature of his initial injuries. Upon the reversal of an award by the superior court and a remand to the board, the board in its discretion may take additional evidence. *Zurich Ins. Co. v. Robinson,* 127 Ga. App. 113 (192 SE2d 533); *Cameron v. American Can Co.,* 120 Ga. App. 236 (170 SE2d 267). Appellees' action in submitting these pages together with a covering letter to the members of the board individually, though a copy was sent to Fleming's attorney, was no doubt improper and a violation of the board's rule 22 (Rules and Regulations, State Board of Workmen's Compensation, Appendix (Code Title 114)), which sets forth the manner in which the parties may seek to introduce additional evidence when the board has not requested it. Nonetheless, this rule is for the board's use, and we must leave to them the enforcement of it. Fleming's attorney was notified by copy of the letter of the attempted submission of additional evidence, and if he had objection thereto the objection should have been raised before the board; it cannot be raised here or before the superior court for the first time. *Zurich Ins. Co. v. Robinson,* supra, 127 Ga. App. at 119. In any event, the question before the board on remand dealt not with Fleming's description of his initial injuries, but with the thrust of the medical evidence concerning his change

of condition. Any impropriety in the transaction here enumerated falls within the ambit of harmless error.

5, 6. Fleming argues that there is insufficient evidence in the record to warrant the board's award and that the same is contrary to law. The last memorandum of agreement approved by the board concerning Fleming's condition was dated November 10, 1969, stating that Fleming was disabled as of September 29, 1969. However, the record contains medical evidence showing a change of condition: Dr. Loughlin testified that in his opinion Fleming could return to work as of February 19, 1970, and that as of that date there was no longer any objective evidence of continuing disability or injury. The board found a change of condition and authorized a termination of compensation.

After the board has made an award on a change of condition, the test to be applied on review is whether there is any competent evidence in the record to support the award. *Zurich Ins. Co. v. Robinson,* supra; see *Adams v. U. S. Fidelity &c. Co.,* 125 Ga. App. 232 (186 SE2d 784); *Fox v. Liberty Mutual Ins. Co.,* 125 Ga. App. 285 (187 SE2d 305). There is evidence to support the board's award, and it will not be disturbed on appeal.

*Judgment affirmed. Clark, J., concurs. Evans, J., concurs specially.*
SUBMITTED NOVEMBER 6, 1973— DECIDED FEBRUARY 5, 1974.

*William I. Aynes, Richard R. Kirby,* for appellant.

*Swift, Currie, McGhee & Hiers, W. Wray Eckl, G. Michael Hartley,* for appellees.

EVANS, Judge, concurring specially. The record shows the transmission of the proceedings from the trial court to this court was delayed for at least 44 days because of the failure of appellant to pay the costs or file a pauper's oath. The majority opinion holds that appellee has no standing to file a motion to dismiss in this court, and that Rule 11 (c) of this court requires such motions to be filed and acted upon in the trial court.

But under the Constitution of Georgia, and under full-bench decisions by the Supreme Court of Georgia, *which decisions have not been overruled, this court has a duty and responsibility to dismiss a stale appeal* with or without motion by the appellee. And irrespective of any attempted legislative mandate on the subject, this court must face up to its responsibility and dismiss a stale appeal.

It is readily conceded that the General Assembly attempted to give direction to the appellate courts of Georgia on this subject, and to require that any motion to dismiss an appeal be made and determined in the trial court. Ga. L. 1968, pp. 1072-1074.

It is further conceded that both this court and the Supreme Court promulgated identical rules, numbered 11 (c), effective in 1972, providing that the *appellee* waives failure to comply with the law as to transmission of the proceedings, transcript, etc., unless motion to dismiss the appeal is filed and determined in the trial court.

But this court must look beyond the rights and waivers of the *appellee,* and consider our own duties and responsibilities as to stale appeals. The Constitution of Georgia, Art. VI, Sec. II, Par. V (Code Ann. § 2-3705) specifically provides: "No writ of error shall be dismissed because of delay in transmission of the bill of exceptions and the copy of the record, or either of them, resulting from the default of the clerk or other cause, *unless it shall appear that the plaintiff in error or his counsel caused the delay."* (Emphasis supplied.) This language is clear, concise and unmistakable. Neither the General Assembly, by legislative enactment, nor the appellate courts of Georgia, by promulgation of rules, can alter or modify the above provision of the Constitution of Georgia.

In addition, the Supreme Court of Georgia, in *Fahrig v. Garrett,* 224 Ga. 817, 818 (165 SE2d 126), in holding that the General Assembly could not take away from the Supreme Court its right and duty to dismiss a stale appeal, used this language: "The addition to such Act [Ga. L. 1968, p. 1072] of the last sentence of § 3 of the 1968 amendatory Act, supra, likewise *does not change the responsibility of this court under the Constitution.* As was said in *George v. American Credit Control, Inc.,* 222 Ga. 512 (150 SE2d 683): 'This court will not consider this appeal which represents a stale one caused by the laches of the appellant and *it is dismissed under the authority of the Constitution* (Code Ann. § 2-3705), the laws and past decisions . . . of this court.' " (Emphasis supplied). On the same day the Supreme Court decided *Hardy v. D. G. Machinery & Gage Co.,* 224 Ga. 818-819 (165 SE2d 127), to the same effect. Both of these decisions, *Fahrig,* supra, and *Hardy,* supra, *are full-bench decisions and stand unreversed,* nor has *George,* supra, been reversed.

Let it be repeated here, this court is not bound by rules of the Supreme Court, but we are bound by its unreversed, full-bench

decisions. I quote in pertinent part from Art. VI, Sec. II, Par. VIII, (Code Ann. § 2-3708): "The decisions of the Supreme Court shall bind the Court of Appeals. . . " The Supreme Court of Georgia has spoken out on this question time and again, exactly as is embodied in the Constitution of Georgia, to wit, that the decisions of the Supreme Court bind the Court of Appeals. See *Cargile v. State,* 194 Ga. 20 (1) (20 SE2d 416).

But where is it held that the Court of Appeals is bound by the *rules* of the Supreme Court? And where is it held that the Court of Appeals is bound by its own rules, if in contravention of full-bench and unreversed decisions by the Supreme Court of Georgia?

Thus, under our duty and responsibility as prescribed by the Constitution of Georgia, and under that mandate which requires the Court of Appeals to be bound by and to follow unreversed full-bench decisions by the Supreme Court of Georgia, *this court is bound to deal with stale appeals and dismiss them,* whether or not the appellee makes a motion or has standing to make such a motion; and regardless of any legislative enactment to the contrary, and regardless of any rule of this court or the Supreme Court to the contrary. If and when *Fahrig,* supra, *Hardy,* supra, *George,* supra, and other cases of similar import are overruled by the Supreme Court of Georgia, then, and not until then, can this court legally consider the legislative enactment in Ga. L. 1968, p. 1072, and Rule 11 (c) of this court and of the Supreme Court. The majority opinion affirms the lower court in this case, and I would vote to dismiss the appeal, and thus the effect is the same, to wit, the affirmance of the lower court's decision. I, therefore, by the foregoing special concurrence, reach the same result as does the majority opinion.