## 48880. HAYES v. CONSOLIDATED FREIGHTWAYS.

STOLZ, Judge.

1. "The Workmen's Compensation Act of this State contains no provision which automatically cancels an award which the board has pursuantly made for disability compensation benefits to an employee who has sustained a compensable injury. Code Ann. § 114-709 and Rule 17 which the compensation board adopted pursuant to and in accordance with the provisions of that section of the Code provide ample and the only available procedure for terminating or modifying such an award and, until it is thus terminated or modified, the employer or his insurance carrier must comply with the terms of it even though. . .," as here, the employee returns to work earning more than he was earning at the time of his injury. *Guess v. Liberty Mut. Ins. Co.,* 219 Ga. 581 (134 SE2d 783).

2. Accordingly, since the employee/claimant, upon returning to work, refused to sign a Form 19 agreement as to a change in condition, the employer/self-insurer's unilateral termination, as of the date the claimant returned to work, of the benefits being paid under the approved agreement, without an award of the board, was a violation of Rule 17 of the board (as amended effective March 8, 1972), for which violation, Rule 17 (g) provides that "the employer or insurer shall be penalized as provided by law." See Code §§ 114-111, 114-104; Rule 18 of the board; Code Ann. § 54-9911 (Ga. L. 1937, pp. 230, 243; 1943, pp. 167, 168). (§ 114-709 was amended

subsequently by Ga. L. 1973, pp. 232, 244 to provide a procedure for the employer to follow when an employee who returns to work refuses to enter into a tendered agreement.)

The employer/insurer did not avoid the applicability of Rule 17 merely by stating in its request for the change-in-condition hearing that, "We fail to see any bona fide basis for a dispute in this case and thus do not file this claim under the provisions of amended Rule 17 because to do so would be unconstitutionally violative of the rights of our client in that such rule calls for the payment of compensation when compensation is not due." Nor are Code Ann. § 114-709 and Rule 17 of the board unconstitutional for the reason held in Davis v. Caldwell, cited in *Security Ins. Group v. Gillespie*, 125 Ga. App. 163 (1) (186 SE2d 575), since the effective dates of the 1972 amendments to said Code section (Ga. L. 1972, pp. 149, 150) and said rule (March 8, 1972), which amendments require a hearing unless there is an agreement.

3. In spite of the fact that the employer/insurer's unilateral termination of payment of benefits under the approved agreement, constituted a violation of the board's rule, subjecting it to the penalty or penalties provided by law, the deputy director's award ending the compensation as of the date the employee/claimant returned to work, was authorized by the provision of Code Ann. § 114-709, that "[s]uch new award shall be effective as of the time the change in condition actually occurred, as found by the board, notwithstanding the retroactive effect of such award. . ."

There being some competent evidence to support the finding that the claimant had a change in condition authorizing the ending of compensation as of the date he returned to work, the award of the board to that effect will not be set aside by this court.

*Judgment affirmed. Hall, P. J., and Deen, J., concur.*

ARGUED JANUARY 16, 1974 — DECIDED FEBRUARY 12, 1974 — REHEARING DENIED FEBRUARY 27, 1974 —

*Robert T. Efurd, W. C. Dominy,* for appellant.

*Swift, Currie, McGhee & Hiers, James B. Hiers, Jr.,* for appellee.