### 55888. BRANNON v. GEORGIA BUREAU OF INVESTIGATION.

BIRDSONG, Judge.

Workmen's Compensation. The appellant James E. Brannon, was injured and filed a claim for benefits with the State Board of Workmen's Compensation. The administrative law judge found that appellant was not entitled to benefits; upon application for review, the State Board of Workmen's Compensation (board) reversed the administrative law judge's decision and awarded benefits to appellant. The Superior Court of Dougherty County found that "an award in favor of the claimant would be repugnant as being contrary to law" and set aside the board's award. This appeal follows. *Held:*

The evidence shows that the appellant suffered a work-related injury on or about August 26, 1976, and filed a claim for benefits on November 2, 1976. Prior to sustaining this injury, appellant had applied for, and received, a disability retirement pension, effective November 1, 1976. The pension benefits result from a

contributory state retirement system. The workmen's compensation results from a work-related injury. Thus, the issue is whether workmen's compensation benefits may be denied to a claimant otherwise entitled for the reason that the claimant is receiving a disability pension from the same employer.

The workmen's compensation laws are remedial in nature and therefore have been construed liberally in order to effectuate their humane objectives. *Lumbermen's Mut. Cas. Co. v. Griggs,* 190 Ga. 277, 287 (9 SE2d 84). See *Schwartz v. Greenbaum,* 236 Ga. 476 (224 SE2d 38). Thus, the rule has developed that an award of workmen's compensation benefits is not to be diminished by other sources of income. See *Ocean Acc. &c. Co. v. Hulsey,* 105 Ga. App. 479 (125 SE2d 115); *Butler v. Lee,* 97 Ga. App. 184 (102 SE2d 498); *Utica Mut. Ins. Co. v. Pioda,* 90 Ga. App. 593 (83 SE2d 627). Conversely, "the contractual right to a pension because of permanent disability caused by an injury incurred in the line of duty is not such a right or remedy as is excluded by [the workmen's compensation laws]" (*City Council of Augusta v. Young,* 218 Ga. 346, 349 (127 SE2d 904)), although pension benefits are subject to contract provisions, which may require the deduction of workmen's compensation payments. *White v. City Council of Augusta,* 240 Ga. 120 (239 SE2d 532). However, we are aware of no provision of law which would authorize the denial of workmen's compensation benefits, to one otherwise entitled, on the ground that the claimant is also entitled to a pension, albeit from the same employer. Therefore, the trial court erred in reversing the award of the State Board of Workmen's Compensation and denying workmen's compensation benefits to appellant.

*Judgment reversed. Bell, C. J., and Shulman, J., concur.*

ARGUED MAY 22, 1978 — DECIDED
JULY 3, 1978.

*Malone & Percilla, Thomas William Malone,* for appellant.

*Arthur K. Bolton, Attorney General, John C. Jones,*

*Assistant Attorney General, G. Thomas Davis,* for appellee.