## 56178. SPELL v. TRAVELERS INSURANCE COMPANY et al.

BANKE, Judge.

The workers' board of compensation entered an award terminating the eligibility of the appellant, John

Spell, to receive benefits. The appellant now appeals the superior court's affirmance of this award. *Held:*

1. The appellant sustained an injury to his head on March 5, 1976. At the request of the appellee and the employer, a change-of-condition hearing was held on December 27, 1976. Dr. Chandler, the neurosurgeon who treated the appellant during his convalescence, reported that he could find no physical cause for the appellant's complaints and that the appellant was able to return to work. The appellant testified that he was unable to return to work because of head and neck discomfort. The administrative law judge thereupon ordered that the appellant be examined by an independent neurosurgeon. The appellant was examined by Dr. Bird on January 14, 1977, and Dr. Bird submitted his report stating the results of his examination on January 26. His report confirmed Dr. Chandler's prior diagnosis. The reports of the two examining doctors were sufficient under the any-evidence rule to support the board's award terminating compensation. See *Fleming v. Phoenix of Hartford Ins. Co.,* 130 Ga. App. 771 (5, 6) (204 SE2d 460) (1974); *Hayes v. Consolidated Freightways,* 131 Ga. App. 77 (3) (205 SE2d 40) (1974).

2. There is no merit in the appellant's contention that Dr. Bird's report was inadmissible under our decision in *Foster v. Continental Cas. Co.,* 141 Ga. App. 415 (233 SE2d 492) (1977). Dr. Bird stated his professional opinion in the following language: "I *feel* that he could return to work, and do not *feel* that he has any permanent disability." In Division 6 of the *Foster* opinion we ruled that had the proper objection been made, the legal conclusion stated in the doctor's report (that the employer had no liability to the employee) would have been ruled inadmissible but that the remainder of the doctor's report (also stated in terms of "I do not believe" and "I do not feel") was admissible. Furthermore, Dr. Bird's report, which revealed the physical conditions he examined the appellant for, met the admissibility requirements of Code Ann. § 114-707. A doctor's report is admissible so long as it includes *any or all* of the five elements (history, examination, diagnosis, treatment, and prognosis) named in the statute. *Foster v. Continental Cas. Co.,*

supra, Division 5.

3. In order for the board to terminate an employee's eligibility for benefits, the evidence must prove an improved economic condition. See Code Ann. § 114-709. This is proved by evidence that the employee's physical condition has improved to the point that he has either already returned to work or has the ability to return to work for the same or any other employer. See *Hopper v. Continental Ins. Co.,* 121 Ga. App. 850 (1) (176 SE2d 109) (1970); *Jackson v. Seaboard Fire &c. Ins. Co.,* 144 Ga. App. 531 (2) (241 SE2d 636) (1978). Our decision in *Hercules, Inc. v. Adams,* 143 Ga. App. 91 (237 SE2d 631) (1977), is not in conflict with these decisions. *Hercules* required the insurer's/employer's evidence to show the *availability* of work; it did not require proof that the employee had received a specific job offer. Here, there was no question as to the availability of work since the appellant himself testified that his former employer had offered him re-employment. This testimony, together with the evidence discussed in Division 1, was sufficient to prove an improved economic condition. Accordingly, the appellant's enumeration of error that the evidence failed to prove an economic change in condition is without merit.

4. In his final enumeration of error, the appellant complains that he did not receive the benefit of a liberal construction of the law. He refers specifically to the fact that the board adopted the medical reports finding no physical incapacity rather than the appellant's subjective testimony that he felt too bad to work. The administrative law judge's concern that his determination be fair to the appellant was reflected by his requiring examination by an independent physician before ruling on the issue. In addition, his selection of January 14, the date of the later examination, as the date in which the change of condition occurred was favorable to the appellant. This is especially true since the facts of this case would have supported his selection of an earlier date. This enumeration of error is also without merit.

*Judgment affirmed. Deen, P. J., and Smith, J., concur.*

ARGUED JUNE 29, 1978 — DECIDED SEPTEMBER 11, 1978.

*Nathan & Nathan, James V. Pleasants, Ivan H. Nathan,* for appellant.

*Bouhan, Williams & Levy, B. H. Levy, Jr.,* for appellees.