### 76926. THACKER v. WORLD CARPETS, INC.
(371 SE2d 464)

BANKE, Presiding Judge.

The claimant in this workers' compensation case sustained an on-the-job back injury on July 11, 1985, and has not resumed working since. The board awarded her disability benefits; however, that award was ultimately reversed by the superior court based on a determination that her disability was not caused by the injury she sustained at work but by a subsequent injury. The case is now before us pursuant to our grant of the claimant's application for a discretionary appeal.

The board initially awarded the claimant income benefits for the period from July 11, 1985, through February 11, 1986, and also granted her request for attorney fees. The superior court reversed the award of attorney fees outright and ordered the board to reconsider the award of income benefits, based on certain perceived discrepancies between the evidence of record and the board's findings of fact. In particular, the court found the decision to terminate the claimant's benefits on February 11, 1986, to be "baffling," no finding having been made either by the board or by the administrative law judge that her disability had ceased on that date. Upon remand, the board deleted the award of attorney fees while reaffirming the claimant's entitlement to income benefits, this time awarding her such benefits on a continuing basis from July 11, 1985, "until altered or terminated according to law." However, the superior court reversed this award for lack of evidence, concluding from the testimony of the emergency room physician who had seen the claimant immediately following her initial accident that the injury from which she was suffering on that date was different from the disabling low back injury from which she was suffering some two weeks later, on July 24, 1985, when the physician again treated her. *Held*:

1. "The superior court, when sitting as an appellate body, is ordinarily bound by the 'any evidence' standard of review. (Cits.) In this posture, the superior court is not authorized to substitute its judg-

ment for that of the Board, (cits.) and where there is conflicting evidence, then the resolution of discrepancies and the determination of witnesses' credibility is ordinarily for the ALJ or the Board as finders of fact." *Carroll v. Dan River Mills*, 169 Ga. App. 558, 562 (313 SE2d 741) (1984).

The emergency room physician, testifying with reference to hospital reports, stated that when he treated the claimant immediately following her on-the-job injury, she was suffering from a muscle pull in the left rib cage and from pain in the flank area, whereas when he saw her on July 24, 1985, she was complaining of low back pain caused by "lifting heavy object P.T.A." He defined the term, "P.T.A.," as meaning "[t]hat it just happened." It appears, however, that the notation, "P.T.A.," was not placed on the hospital report by the emergency room physician but by a student nurse who had interviewed the claimant prior to the second visit and who testified that she interpreted the term to mean "probably within a week." Moreover, there was evidence that on July 18, 1985, i.e., between the two emergency room visits, the claimant was treated by a company physician for "spasm in the left lower paraspinal muscles" and "low back strain." Thus, the testimony of the emergency room physician does not conclusively establish that the low back pain which the claimant was experiencing on July 24, 1985, stemmed from an injury other than the one she sustained at work on July 11, 1985. It follows that the trial court erred in reversing the board's award of income benefits.

2. We do not reach the appellant's second enumeration of error, as it was withdrawn by counsel during oral arguments in the case.

*Judgment affirmed in part and reversed in part. Birdsong, C. J., and Beasley, J., concur.*

DECIDED JULY 14, 1988.

*James I. Parker, William L. Lundy, Jr.,* for appellant.
*Warren N. Coppedge, Jr., Joseph T. Leman,* for appellee.