## 77125. MURRAY COUNTY BOARD OF EDUCATION et al. v. WILBANKS.
### (379 SE2d 559)

SOGNIER, Judge.

The Superior Court of Murray County reversed an award issued

by the State Board of Workers' Compensation (the Board) in favor of the Murray County Board of Education (the County) and its insurer, Aetna Casualty & Surety Company, and we granted their application for a discretionary appeal.

Lena M. Wilbanks, appellee, who was injured in a work-related accident while employed by the County, filed a claim for workers' compensation benefits. After receiving an award in her favor, appellee sought reimbursement from the County for medical expenses previously paid by her group insurance carriers, but appellants responded by paying the health service providers directly rather than paying appellee. The administrative law judge's subsequent award, which provided that appellants were entitled to a credit for all medical expense payments they had made "to the group insurance carriers which have previously paid medical expenses for the claimant's treatment," was made the award of the Board. The superior court reversed the award, holding that appellee was entitled to receive direct compensation for medical expenses and that appellants were not entitled to a credit for previous payments.

1. Appellants enumerate as error the superior court's order that they compensate appellee for the medical expenses they previously paid directly to the providers on the ground that those payments discharged their obligation to appellee. We do not agree. Appellants' responsibilities under the first award, under which medical benefits were awarded to appellee, were not absolved by their payments to the providers, as payments for medical benefits should be made directly to the claimant. *St. Paul Fire &c. Co. v. Norman,* 173 Ga. App. 198, 202 (4) (325 SE2d 810) (1984); see generally OCGA § 34-9-200 (a). Appellants cannot discharge their obligations by making payments in a manner not contemplated or authorized by the Workers' Compensation Act. Accordingly, we find the superior court did not err by concluding as a matter of law that appellants were not entitled to a credit for previous payments. See generally *Brannon v. Ga. Bureau of Investigation,* 146 Ga. App. 524 (246 SE2d 511) (1978).

2. Appellants also contend appellee is not entitled to compensation because there is no evidence her medical expenses were paid by her group insurance carriers. However, the record clearly discloses that the medical expenses for which appellee sought reimbursement previously had been paid by her group insurance carriers, and that appellants had notice of that fact prior to their payments to the providers. Moreover, evidence of payment of appellee' medical expenses by group health insurance carriers is irrelevant, as such payments do not affect or limit *appellants'* liability for workers' compensation benefits. *Pacific Indem. Co. v. Moorman,* 122 Ga. App. 881-882 (2) (179

SE2d 103) (1970).[1]

3. Appellants also enumerate as error the superior court's finding that appellants "[were] not entitled to take credit for payment of medical expenses directly paid to the group insurance carriers" on the ground that there is no evidence to support a finding of payment by appellants *to* the group carriers. While we recognize that both the superior court and the administrative law judge erroneously referred to payments made by appellants to the *group carriers* rather than to the *providers*, a misstatement of significant testimony is a ground for remand to the Board only "where it is possible that a proper understanding of the evidence might have caused the finder of fact to reach a different conclusion." (Citations and punctuation omitted.) *Chevrolet-Pontiac-Canada Group v. Millar*, 182 Ga. App. 889 (1) (357 SE2d 598) (1987). We find the factual misstatement insignificant here because the decisions of both the Board and the superior court turned on the question of whether appellants were entitled to receive a credit for payments made to someone other than appellee, and thus the identity of the actual recipient of appellants' payments had no material bearing on the ultimate validity of the superior court's ruling. See generally *Millar*, supra.

*Judgment affirmed. Carley, C. J., and Deen, P. J., concur.*

DECIDED FEBRUARY 16, 1989 —
REHEARING DENIED MARCH 7, 1989 — 

Kinney, Kemp, Pickell, Sponcler & Joiner, Henry C. Tharpe, Jr., Cone & Shivers, Donald M. Shivers, for appellants.
J. Michael Brown, for appellee.

---

[1] We note that OCGA § 34-9-206 (Ga. L. 1985, p. 727, §§ 6, 12) sets forth a procedure by which group insurance carriers may obtain reimbursement for payments made on behalf of an insured who subsequently becomes entitled to workers' compensation benefits, but this statute, which became effective on July 1, 1985, was not in effect at the time of appellee's injury on April 9, 1985, and thus the group carriers in question did not follow the procedure for becoming parties at interest as provided in OCGA § 34-9-206 (a).