A89A0572. SKELTON v. DEPARTMENT OF
TRANSPORTATION.
(383 SE2d 162)

SOGNIER, Judge.

Billy Skelton received a work-related injury in November 1979 while employed by the Georgia Department of Transportation. The injury ultimately led to Skelton's retirement in 1985 and he received income benefits until March 1987 when the DOT suspended his benefits asserting that there was a change in Skelton's wage-earning capacity in that he had found suitable and gainful employment as a preacher and artist. Skelton requested a hearing on the suspension of his benefits. The administrative law judge found that Skelton had received income from his preaching activities and the sale of his artwork prior to his work-related injury in 1979, that Skelton had received income from these activities in 1985 and 1986, but found that notwithstanding Skelton's earlier receipt of income from these activities, the continuing deterioration of Skelton's physical condition had forced him to end his preaching in September 1986 and that Skelton had sold no artwork since December 1986. The ALJ rejected the

DOT's argument that Skelton had a change in condition entitling him to benefits only for 350 weeks pursuant to OCGA § 34-9-262 and reinstated Skelton's benefits. The ALJ's award was made that of the State Board of Workers' Compensation. The Superior Court of Gwinnett County reversed the Board's award and we granted Skelton's application for discretionary appeal.

We reverse the superior court's order. The superior court determined that the ALJ's finding of fact that appellant had earned income from his preaching and art sales prior to his work-related injury was error because appellant had not reported any income derived from those activities to the Internal Revenue Service prior to 1986. The superior court noted that appellant had testified that 1986 was the first year he had made any "decent profit" from his art sales. However, the extent of appellant's income from his preaching and art sales and the accuracy of appellant's income tax returns were not matters to be weighed by the superior court. The law is well established that " ' "[a] finding of fact by . . . the State Board of (Workers') Compensation, when supported by any evidence, is conclusive and binding upon the court, and . . ." [cit.] "(n)either the superior court nor the Court of Appeals has any authority to substitute itself as the fact finding body in lieu of the board." (Cit.)' [Cits.]" *Hopkins v. Martin*, 185 Ga. App. 752, 753 (365 SE2d 544) (1988). See also *Thacker v. World Carpets*, 187 Ga. App. 833-834 (1) (371 SE2d 464) (1988). There being some evidence that appellant received income from his preaching activities and art sales prior to his work-related injury, it follows that the superior court erred by reversing the Board's award reinstating appellant's income benefits.

*Judgment reversed. Banke, P. J., and Pope, J., concur.*

DECIDED MAY 26, 1989 —
REHEARING DENIED JUNE 7, 1989 — 

*E. Neal Little, Jr.*, for appellant.
*Michael J. Bowers, Attorney General, John A. Sligh, Jr.*, for appellee.