A89A1161. SEARS, ROEBUCK & COMPANY v. SPELL.
(383 SE2d 207)

DEEN, Presiding Judge.

We granted this discretionary appeal in order to determine whether, as appellant Sears, Roebuck & Company (Sears) contends, the Superior Court of Glynn County erred in reversing the award of the full Board of Workers' Compensation and in holding that a videotape purporting to show a "totally disabled" claimant engaged in strenuous work was insufficient to establish the claimant's ability to work. According to the record, appellee/claimant Spell sustained a compensable injury in December 1979 and thereafter received total disability benefits; he had a spinal fusion in October 1980; he was subsequently treated by a Dr. Bowman.

In April and May of 1985, while Spell was still drawing total disability benefits, a videotape was made which showed him building a deck on his residence and engaging in bending, stooping, heavy lifting, and using a hammer and power saw. The videotape was shown to Dr. Bowman, who thereupon stated as his opinion (and later gave a deposition to the same effect) that Spell was able to return to work without any restrictions. On the basis of this evidence an Administra-

tive Law Judge (ALJ) found a change of condition for the better and authorized the employer (Sears) to cease paying disability benefits. The full Board of Workers' Compensation affirmed the ALJ's award, but the Glynn County Superior Court reversed the board on the basis that the evidence did not support the board's decision. See OCGA § 34-9-105 (c) (4).

On applying to this court for an appeal from this decision, Sears pointed out that the superior court had never actually viewed the videotape; that, moreover, neither the videotape nor a series of still photographs allegedly showing Spell engaged in heavy work was ever transmitted to the superior court by the Board of Workers' Compensation. We granted Sears' motion for transmission of physical evidence and ordered the Clerk of the Superior Court of Glynn County to obtain this evidence and transmit same to the Clerk of the Court of Appeals. We then viewed the videotape. *Held*:

" 'The superior court when sitting as an appellate body, is ordinarily bound by the "any evidence" standard of review . . . In this posture, the superior court is not authorized to substitute its judgment for that of the Board . . . .' " *Thacker v. World Carpets*, 187 Ga. App. 833 (371 SE2d 464) (1988); OCGA § 34-9-105 (c). Like any other tribunal, the superior court is duty-bound to base its judgment on the record as a whole; this the superior court did not do in the instant case because the entire record was not before it. We find this to be reversible error requiring that the case be remanded to the superior court for reconsideration of the record as a whole, including the omitted photographic evidence.

*Judgment reversed; case remanded with direction. Birdsong and Benham, JJ., concur.*

DECIDED JUNE 7, 1989.

*Dickey, Whelchel, Brown & Readdick, Richard A. Brown, Jr.,* for appellant.

*Edward E. Boshears,* for appellee.