A89A1268. FAIRWAY TRANSPORTATION, INC. et al. v. BREWER.
(386 SE2d 674)

BANKE, Presiding Judge.

The claimant in this workers' compensation case sustained a compensable neck injury on January 18, 1987, while employed as a truck driver. He received total disability benefits for the injury until April 25, 1987, when the payments were suspended by the employer for the stated reason that he had been "released to return to work 2/27/87 full duty." Following a change-in-condition hearing held at the claimant's request, an administrative law judge determined that the claimant's current symptoms were attributable to a pre-existing condition rather than to his work-related injury and that the employer had accordingly been justified in suspending his disability benefits. These findings were adopted by the full board; however, the superior court reversed, finding insufficient competent evidence that the claimant had experienced a change in condition for the better. The case is before us pursuant to our grant of the employer's application for a discretionary appeal. *Held*:

"The superior court was required to construe the evidence in the light most favorable to the employer as the party who prevailed before the Full Board. See generally OCGA § 34-9-105. [Cit.] The Full Board's findings of fact, when supported by any evidence, are conclusive and binding. [Cit.] The superior court is not authorized to substitute its judgment for that of the Full Board. [Cit.]" *Dept. of Public Safety v. Boatright*, 188 Ga. App. 612, 613-614 (373 SE2d 770) (1988).

The medical evidence in this case established without dispute that the claimant had been released to return to work both by his treating physician and by a consulting neurosurgeon prior to the suspension of benefits. Although he continued to complain of neck pain thereafter, a cervical myelogram and CT scan of his neck revealed no abnormality. While physical therapy was recommended, no work restrictions were indicated by any of the medical experts.

"In order for the board to terminate an employee's eligibility for benefits, the evidence must prove an improved economic condition. See [OCGA § 34-9-104]. This is proved by evidence that the employee's physical condition has improved to the point that he has either already returned to work or has the ability to return to work for the same or any other employer. [Cits.]" *Spell v. Travelers Ins. Co.*, 147 Ga. App. 160, 162 (248 SE2d 292) (1978). "[W]hen the evidence demonstrates that the employee's physical condition is so improved that no disability remains to prevent the employee from working without any restriction, the employee's continued unemployment is no longer caused by the disability and the need for workers' compensation benefits is at an end." *Pierce v. AAA Cabinet Co.*, 173 Ga. App. 463, 464 (326 SE2d 575) (1985).

We hold that the evidence in the present case authorized the board, as the finder of fact, to conclude that the employer had carried its burden of proving that the claimant was no longer suffering from any disability as a result of his work-related injury. See generally *Cornell-Young v. Minter*, 168 Ga. App. 325 (1) (309 SE2d 159) (1983). Under the "any evidence" rule, it follows that the superior court erred in reversing the board's decision.

*Judgment reversed. Sognier and Pope, JJ., concur.*

DECIDED SEPTEMBER 5, 1989 —
REHEARING DENIED SEPTEMBER 25, 1989 —

*R. Chris Irwin & Associates, Edwin G. Russell, Jr.*, for appellants.

*Ronald L. Hilley*, for appellee.