A92A0462. JARALLAH v. PICKETT SUITE HOTEL et al.
(420 SE2d 366)

COOPER, Judge.

Appellant was employed by appellee hotel as an assistant food production manager in September 1987 when he fell onto a concrete floor and suffered a head injury. An ALJ found appellant disabled as a result of the injury and awarded appellant workers' compensation benefits for total disability in November 1988. In December 1989, appellees requested a hearing on a change in condition, asserting that appellant had returned to work as a caterer; that he had generated income from his work; and that he suffered a new accident as the result of a January 1989 automobile accident. After a hearing, an ALJ concluded that appellant had not experienced a change of condition which would authorize the employer to suspend disability income benefits; that the employer remained responsible for the payment of expenses related to appellant's orthopedic problems; that appellant's claims for family/marital/sexual counseling should be paid by the employer; and that the insurer should be ordered to establish a charge account or a direct billing system with a pharmacy in order to furnish necessary medicines to appellant. Appellees appealed to the State Board of Workers' Compensation, and the full board ordered independent psychiatric and orthopedic evaluations of appellant. The full board, after de novo consideration of all the evidence, as well as the additional evidence ordered, concluded that appellant's income benefits should be suspended due to appellant's ongoing, income-producing catering business; that appellees are not responsible for appellant's orthopedic claims since his current problems are the result of a new accident; that appellees are responsible for expenses relating to

appellant's continuing mental and emotional problems; and that appellant's claims for a prescription charge account and payment for family/marital/sexual counseling should be denied. The superior court affirmed the award of the full board under the "any evidence" standard, and appellant then brought the instant appeal, raising four enumerations of error.

1. Appellant first contends that the full board suspended his income benefits on grounds other than a change in condition and that the findings of the full board did not support the decision to suspend the benefits. Although the full board did not recite the phrase "change of condition" in its decision, it did state as follows: "[I]t has been shown by substantial evidence that the employee's mental/emotional problems have not prevented him from operating a catering business out of his home. Based on the employee's demonstrated ability to engage in self-employment activities, the Board finds that a suspension of income benefits is warranted at this time. . . . Based on [appellant's] numerous admissions regarding his self-employment activities, the Board finds that [appellant's] catering business has been ongoing. The Board does not find credible [appellant's] claim that his self-employment activities were of limited duration. Having found that the employee has hidden his outside earnings from the employer/insurer, the employer/insurer's request for authorization to suspend income benefits should be granted." OCGA § 34-9-104 (a) defines "change of condition" as "a change in the wage-earning capacity, physical condition or status of an employee." We have held that " '[i]n order for the board to terminate an employee's eligibility for benefits, the evidence must prove an improved economic condition. [Cit.] This is proved by evidence that the employee's physical condition has improved to the point that he has either already returned to work or has the ability to return to work. . . . [Cits.]' [Cit.]" *Fairway Transp. v. Brewer*, 192 Ga. App. 871, 872 (386 SE2d 674) (1989). See *Hopper v. Continental Ins. Co.*, 121 Ga. App. 850 (1) (176 SE2d 109) (1970). Further, in *Carrollton Coca-Cola Bottling Co. v. Brown*, 185 Ga. App. 588, 594 (2) (365 SE2d 143) (1988), we held that the issue of a change of condition must be addressed by the full board "[i]f the facts show [the claimant] is able to work and to some particular degree is working." (Emphasis omitted.) The text of the full board's decision, together with the full board's findings set forth in its award, evidence to us that the full board's decision was based upon the proper statutory standard of change in condition.

The full board set forth five detailed findings of fact supporting its decision regarding a change of appellant's economic condition. The record verifies the full board's findings that appellant admitted to catering at least four or five, and possibly more, events while he was receiving disability benefits; that appellant told an insurance investi-

gator that he was self-employed as a caterer and that he earned $250 per week; that appellant gave the investigator a business card indicating he was in the catering business; that appellant indicated that he was self-employed on a patient information sheet; that an investigator testified to conversations with appellant in which he agreed to cater a party for her and in which he stated he was currently involved in catering another event; and that appellant indicated that he owned his own catering service and earned $25,000 per year when he purchased a new car. There was medical evidence in the record as to the mental and emotional impairment of appellant, and the opinion of the full board stated that all the evidence had been considered. Despite the medical evidence, the full board concluded that appellant had undergone an economic change of condition for the better. " 'The Full Board is not " 'bound in every way to accept the literal statements of a witness before it, merely because such statements are not contradicted by direct evidence. Implications inconsistent with the testimony may arise from the proved facts and in still other ways the question of what is the truth may remain an issue of fact, despite uncontradicted evidence in regard thereto.' [Cits.]" [Cit.]' [Cit.]" *Raley v. Lanco Paint & Drywall*, 190 Ga. App. 462, 465 (3) (379 SE2d 196) (1989). " 'The superior court was required to construe the evidence in the light most favorable to the employer as the party who prevailed before the Full Board. [Cit.]' [Cit.]" *Fairway Transp.*, supra at 871. "The law is well established that a finding of fact by the [full board], when supported by any evidence, is conclusive and binding upon the court, and . . . neither the superior court nor the Court of Appeals has any authority to substitute itself as the fact finding body in lieu of the board." (Citations and punctuation omitted.) *Skelton v. Dept. of Transp.*, 191 Ga. App. 835, 836 (383 SE2d 162) (1989). There being some evidence to support a conclusion that appellant has undergone an economic change of condition for the better, the superior court did not err in affirming the decision of the full board with respect to the change of condition.

Appellant, however, also contends that the full board's decision to suspend his income benefits cannot be supported because the full board failed to make specific findings on the amount of wages appellant is making or is capable of making after the change in condition. Such a finding is not necessary as an element of proof to support a determination of a change in condition; however, a showing of a specific amount of wages is necessary so that " 'an intelligent calculation can be made of the compensation to be paid.' " *Newton v. Liberty Mut. Ins. Co.*, 148 Ga. App. 224, 225 (251 SE2d 138) (1978). See also *Zurich American Ins. Co. v. Drivas*, 143 Ga. App. 232, 233 (237 SE2d 726) (1977); *Hardeman v. Liberty Mut. Ins. Co.*, 124 Ga. App. 710 (1) (185 SE2d 789) (1971). In its award, the full board recites appellant's

contradictory admissions that he earned $250 per week and $25,000 per year. While this evidence supports the conclusion that an economic change of condition had occurred, the full board made no findings to support a determination that appellant's current wages are such as would require a suspension of all income payments. As appellant points out, if his wages were found to be $250 per week, then he may still be entitled to receive partial benefits since his wages with the employer were originally determined to be in excess of $250 per week. Therefore, as to this issue, we reverse the superior court with direction to remand to the full board for the entry of findings as to appellant's post change of condition wages and a calculation of the benefits, if any, to which appellant is entitled as a result of those findings. Compare *Newton*, supra.

2. Appellant next argues that the full board's decision to deny payment for appellant's orthopedic expenses was not supported because it was based on an erroneous finding of fact. The full board made several detailed findings of fact to support its decision that appellant suffered a new injury as a result of the automobile accident in January 1989 and that his physical problems cannot be attributed to the work related injury at the hotel. The full board found in part that appellant sought no further medical treatment for his orthopedic problems from June 1988 until a few days after the automobile accident. Appellant brings our attention to a statement by his treating psychiatrist that the psychiatrist had been administering medication for appellant's physical problems since June 1988 per an agreement with the physician who first treated these problems. Even if the full board did misstate this fact, "a misstatement of significant testimony is a ground for remand to the Board only 'where it is possible that a proper understanding of the evidence might have caused the finder of fact to reach a different conclusion.' [Cit.]" *Murray County &c. v. Wilbanks*, 190 Ga. App. 611 (3) (379 SE2d 559) (1989). In light of the remaining detailed findings that do support the full board's decision, including the board-ordered independent medical report, we do not think that a different understanding of the contested evidence would have resulted in another conclusion by the full board. Since the award of the full board was authorized under the "any evidence" standard, "it must be affirmed even though the award was based on an erroneous finding and conclusion of fact. [Cit.]" *Liberty Mut. Ins. Co. v. Thomas*, 99 Ga. App. 124, 125 (1) (108 SE2d 180) (1959).

3. In his third enumeration, appellant asserts that the award should be remanded to the full board for the entry of findings of fact with respect to the denial of payments for appellant's family/marital/sexual counseling. We agree. OCGA § 34-9-200 (a) states that "[t]he employer shall furnish the employee entitled to benefits under this chapter such medical, surgical . . . and other treatment, items, and

services which are prescribed by a licensed physician . . . which in the judgment of the State Board of Workers' Compensation shall be reasonably required and appear likely to effect a cure, give relief, or restore the employee to suitable employment." The claimant bore the burden of "proving that the services for which [he] sought compensation were such to 'give relief' directly to [his] work-related injury and were exclusively for [his] benefit." *Berry College v. Storey*, 199 Ga. App. 298 (2) (404 SE2d 640) (1991). Since "[t]he purpose behind OCGA § 34-9-200 (a) is to provide services prescribed by a licensed physician which 'give relief' to the work-related injury of the employee exclusively . . . , the employer is liable under [the statute] to compensate the injured employee for the full amount of [such services] only where the factfinder determines that all those services are for the exclusive benefit of the injured employee and directly give relief to the work-related injury. Otherwise, the employer is liable only for a proportional share of the [services] to relieve the work-related injury of the employee exclusively. . . ." Id. at 299-300. In its award, the full board made no findings to support or explain its decision to deny appellant's claim for marital counseling. The full board did, however, acknowledge appellant's continuing mental and emotional problems and ordered that the employer remain responsible for the costs to treat such problems. The record reflects that appellant's treating psychiatrist recommended an ongoing program of family/ marital therapy involving appellant's wife as an integral part of his overall therapy and treatment of his disability. Although we agree with appellees that any portion of this treatment that in effect treats appellant's wife or any other member of his family is not compensable under OCGA § 34-9-200 (a), see *Berry College*, supra, the full board failed to make findings indicating whether the remaining portion of such treatment is or is not compensable under the statutory standard. Accordingly, we reverse the superior court on this issue with direction to remand to the full board for the entry of such findings.

4. In his fourth enumeration, appellant contends that the full board's decision to deny a prescription charge account was erroneous because OCGA § 34-9-200 (a) requires an insurer to establish a direct billing system with a pharmacy. Appellant bases his argument on the amended statutory language which states that the employer "shall furnish" the services to the employee, rather than stating that the employer shall furnish compensation for the services. Appellant cites no authority which would make a prescription charge account mandatory, and we decline to so hold. The statutory language indicates that the full board, in its judgment, would have the authority to authorize a direct billing system, but such a system is not mandatory in every case. Especially in light of the full board's findings regarding a change in appellant's economic condition and his ability to work

and generate income, the superior court was correct in affirming the full board's decision to deny appellant's request for a prescription charge account.

*Judgment affirmed in part and reversed and case remanded with direction in part. Sognier, C. J. and McMurray, P. J., concur.*

DECIDED JUNE 26, 1992.

*George, Trammell & Bartles, Lavinia B. George, Alex B. Wallach*, for appellant.
*Cone & Shivers, Judith A. Hodges*, for appellees.