A95A0175. CONTINENTAL GRAIN COMPANY et al.
v. THOMAS.
(459 SE2d 623)

RUFFIN, Judge.

We granted Continental Grain Company's ("Continental") application for discretionary appeal of the superior court's order reversing an award by the State Board of Workers' Compensation.

In May 1989, Thomas was employed by Continental and was injured when she inhaled phosphine gas. In June 1991, Continental began paying Thomas total disability benefits for injuries resulting from the 1989 incident. In November 1992, Continental moved to suspend those benefits based on a change in condition for the better under OCGA § 34-9-104 (a). The ALJ found that Thomas's condition as a whole had changed for the better and that her medical and psychological benefits should therefore be terminated. In affirming the ALJ's award, the board made the additional finding that "[Continental] has

proven a change in condition for the better and does not purport to controvert the case as a whole. . . ."

The superior court found and Thomas argues that she suffers from post traumatic stress disorder resulting from the incident, and because Continental paid to treat this condition and did not controvert the diagnosis within 60 days as mandated by OCGA § 34-9-221 (h), it is now estopped from doing so. Continental argues that it is not controverting the claim, but demonstrating a change in Thomas's physical and psychological status. But Continental does not contend, as might be expected, that the superior court erred in its premise that the payment of disability benefits was solely for psychological injury and that the benefits were for physical injury as well. Thus, we have examined the record in an effort to determine the basis of the payments. The ALJ's award gives no indication that Thomas's original claim against Continental was exclusively for post traumatic stress disorder, and both the ALJ and the full board found that Continental proved a change for the better in Thomas's *physical* and psychological condition. Similarly, Thomas points to no document in the record and we can find none to show that the payment of disability benefits was based solely upon a diagnosis of post traumatic stress disorder. In fact, the initial documentation relating to Thomas's injury and upon which it can be assumed Continental's payment of benefits was at least partially predicated, reflects physical injury to the lungs and other internal organs.

Further, in her brief to the appellate division of the board, Thomas stated that "[i]n May of 1991, Dr. Northrup [an internist] found [her] to be totally disabled by the multitude of health problems, and advised [her] not to return to work. [Continental] voluntarily accepted the [claim] as being compensable and has continued to pay total disability income benefits. . . ." The record confirms that Dr. Northrup examined Thomas for numerous physical complaints prior to the commencement of disability benefits. In short, we find no evidence to support the superior court's premise that Thomas suffered solely a psychological injury which Continental did not contest and for which it paid benefits to Thomas. Accordingly, the ALJ's award properly considered whether Thomas sustained a change in both her physical or psychological condition.

Under OCGA § 34-9-104 (a), a change of condition is defined as "a change in the wage-earning capacity, physical condition, or status of an employee. . . ." In application, this court has "held that in order for the board to terminate an employee's eligibility for benefits, the evidence must prove an improved economic condition. This is proved by evidence that the employee's physical condition has improved to the point that he . . . has the ability to return to work." (Citations and punctuation omitted.) *Jarallah v. Pickett Suite Hotel,*

204 Ga. App. 684, 685 (1) (420 SE2d 366) (1992).

As it reviewed the board's findings on this issue, "[t]he superior court was required to construe the evidence in the light most favorable to [Continental] as the party who prevailed before the Full Board. The law is well established that a finding of fact by the full board, when supported by any evidence, is conclusive and binding upon the court, and neither the superior court nor the Court of Appeals has any authority to substitute itself as the fact finding body in lieu of the board." (Citations and punctuation omitted.) Id. at 686. Continental submitted the medical records from Dr. Meadows, an internist who saw Thomas at the time of the accident. Two years later, in August 1992, Dr. Meadows conducted another medical evaluation of Thomas and concluded that there was "[n]o objective evidence of lasting physiologic injury from phosphine gas exposure suffered May, 1989." In relevant part, Dr. Meadows's notes read "[i]t was my impression in 1989 that [Thomas] . . . had suffered a significant exposure to phosphine gas in May, 1989. However, I could find no objective evidence of lasting toxic injury. . . ."

In addition, the deposition of Dr. Northrup was introduced at the hearing. Dr. Northrup testified that based on the physical problems for which he was treating Thomas, he did not believe she was "disabled for any and all gainful employment on a physical basis." Based on the foregoing evidence before the board, we conclude that there was some evidence to support its finding that Thomas had undergone a change in physical condition and had the ability to return to some form of work.

In addition, there was evidence before the board that, psychologically, Thomas had undergone a change in status. Dr. Michael Mobley, a board-certified psychiatrist, examined Thomas and concluded that he could "come up with no reason, based on exposure to phosphine gas, why the patient cannot work." Thus, there was evidence before the board that from a psychological perspective, Thomas had "the ability to return to work." Id. at 685. See OCGA § 34-9-104 (a). Because there was evidence to support the board's findings with respect to a change in Thomas's physical and psychological condition, the superior court erred in reversing the board's award and reinstating benefits.

*Judgment reversed. Beasley, C. J., and Pope, P. J., concur.*

DECIDED JULY 20, 1995 —
RECONSIDERATION DENIED JULY 31, 1995 —

*Kissiah & Richter, James W. Richter*, for appellants.
*Zipperer & Lorberbaum, Ralph R. Lorberbaum*, for appellee.