A96A1717. CARROLL v. DIAMOND RUG & CARPET MILLS, INC.
(480 SE2d 374)

MCMURRAY, Presiding Judge.

This is a workers' compensation case arising from a 1988 back injury sustained by claimant Carroll. On January 16, 1990, an award was entered directing the employer, Diamond Rug & Carpet Mills, Inc., to pay certain enumerated medical expenses, including some associated with a 1989 surgery, "and any other medical expenses which the parties agree are reasonable in amount and reasonably required to effect a cure or give relief, subject to a hearing at the request of any party to resolve a dispute." Pursuant to this award additional medical expenses were incurred including a second surgery in 1992. There have been no issues raised below or on appeal questioning the need for the additional medical care or the amount of such expenses incurred by claimant.

An application for discretionary appeal has been granted to permit appellate review of a dispute concerning whether claimant is entitled to be paid and whether employer is obliged to pay directly to claimant the amount of medical bills arising as a consequence of the injury which have been paid by third-party group health insurers. This case does not involve any medical treatment which claimant has paid for herself.

In an award dated May 5, 1995, the administrative law judge denied claimant's request that the employer be ordered to pay directly to her the amount which has been paid to her medical suppliers by a group insurer. That award was affirmed by the appellate division albeit under a somewhat different legal theory. The superior court affirmed the decision of the Board of Workers' Compensation without discussion. *Held*:

We are concerned here with the evolution and construction of OCGA § 34-9-206. Under the law prior to the enactment of this statute in 1985, the two-part rule was that (1) payments for an award of medical benefits, including those where the health care provider had

been paid by a third party such as a group insurer, should be made directly to the claimant and that (2) an employer's obligations under an award of medical benefits was not reduced by making payments to a group health insurer or other third-party health care provider since such payments were not contemplated or authorized by the Workers' Compensation Act. *Murray County Bd. of Ed. v. Wilbanks*, 190 Ga. App. 611, 612 (1) (379 SE2d 559); *St. Paul Fire &c. Ins. Co. v. Norman*, 173 Ga. App. 198, 202 (4) (325 SE2d 810); *Watkins Mem. Hosp. v. Chadwick*, 171 Ga. App. 446 (319 SE2d 876). The 1985 enactment of OCGA § 34-9-206 altered the second part of this rule. A procedure was provided under which the employer could be required to direct medical benefit payments to third-party providers who filed appropriate claims under the statute. The first part of the old rule was altered in 1990 when the statute was amended to provide that a workers' compensation carrier would be obliged to pay sums for medical treatment directly to the employee only to the extent that it is proven that the employee had paid for such treatment himself.

Claimant's substantive rights are governed by the law on the date of her injury, September 30, 1988. *Hart v. Owens-Illinois, Inc.*, 250 Ga. 397, 399 (297 SE2d 462). Although some arguments have been made concerning the res judicata effect of the 1990 award, we find that it is silent and provides no guidance as to the issues presented on the present appeal.

Thus, two issues are posed. First, whether the original 1985 statute modified the prior law as stated in *Murray County Bd. of Ed. v. Wilbanks*, 190 Ga. App. 611, supra, when, as in the case sub judice, there was no attempt by the third-party group health insurer, who had paid an employee's medical bills, to seek reimbursement under the terms of the statute. A negative answer to this question is required since the original statute addresses nothing more, explicitly or implicitly, than to provide an alternative avenue and procedure by which an employer might discharge its obligations under the Workers' Compensation Act and by which a third-party provider of health care might be reimbursed. Where the alternative avenue provided under OCGA § 34-9-206 is not utilized, there is nothing in the 1985 version of the statute which affects or limits the employer's liability for workers' compensation benefits and *Murray County Bd. of Ed. v. Wilbanks*, supra, continues to control.

The remaining question is whether claimant's rights were affected by the 1990 amendment of the statute. In the May 5, 1995 award the ALJ determined that the 1990 amendment of the statute was procedural and thus could properly be given retroactive effect. In modifying this award the appellate division rejected the analysis of the ALJ but reached the same results based on the conclusion that *Murray County Bd. of Ed. v. Wilbanks*, supra, is not controlling

because it is based on law pre-dating the original 1985 version of the statute, and on a determination that the statute is controlling and does not provide authority for the employer to pay to the employee the costs of medical bills which have been paid by a group insurance company. On appeal, the employer's argument employs the reasoning stated by the appellate division.

We have already rejected the position of the appellate division for the reason that the enactment of OCGA § 34-9-206 did nothing to abrogate the pre-existing law under the circumstances of the case sub judice. The conclusion of the ALJ that the 1990 amendment was merely procedural is also incorrect.

When a workers' compensation insurance carrier is liable for medical expenses which are paid for by a third-party provider which does not seek reimbursement, a windfall results. Either the employee gains by being paid directly under the rule in *Murray County Bd. of Ed. v. Wilbanks*, supra, or the workers' compensation insurance carrier gains by avoiding a disbursement for which it is liable. Under the reasoning of *Murray County Bd. of Ed. v. Wilbanks*, supra, this gain was assigned to the employee, but the 1990 amendment to the statute in assigning this advantage to the workers' compensation insurance carrier constituted a substantive change in the law not applicable in the case sub judice. The claimant was entitled to be paid directly for the amount of her medical expenses which were paid by a third-party provider which has not sought reimbursement pursuant to OCGA § 34-9-206.

*Judgment reversed. Johnson and Ruffin, JJ., concur.*

DECIDED JANUARY 27, 1997 — ▮▮▮▮▮▮▮▮▮

*Charles H. Lumpkin, Jr.*, for appellant.
*Kissiah & Richter, Gregory S. Shurman*, for appellee.